IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,            )
    Plaintiff,                          )
                                         )
v.                                   )   C.A. No. 04-954-SLR
                                         )
THOMAS CARROLL, CARL HAZZARD,        )
BERNARD WILLIAMS, DEPARTMENT         )
OF CORRECTIONS, ANTHONY J.           )
RENDINA, DAVID PIERCE,               )
M. SLOTT, EVELYN STEVENSON,          )
JOHN DOE/JANE DOE #1, and JOHN/      )
JANE DOE #2,                         )
    Defendants.                         )

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### Jurisdiction

This court has jurisdiction under 42 U.S.C. § 1983, 1985(3) and 5 U.S.C.A. § 552a.

### Parties

27. Defendant, David Pierce, was a staff Lt. and chairman of the Multi-Disciplinary Team (M.D.T.) during all times relevant to

this cause of action. He is sued in his individual capacities.

28. Defendant, M. Scott, is a member of the M.D.T. board. She is sued in her individual capacities.

29. Defendant, Evelyn Stevenson, is the Chairperson of the Institutional Based Classification Center (IBCC). She is sued in her individual capacities.

30. Defendant, John Doe/Jane Doe #1, is a member of the IBCC board. He/she is sued in his/her individual capacities.

31. Defendant, John/Jane Doe #2 is a member of the IBCC board. He/she is sued in his/her individual capacities.

## Statement of Facts

32. On April 29, 2004, when the members of the MDT classification board, defendants Pierce and Scott, recommended that plaintiff be classified to SHU/Max security, they did

so based on "fabricated and falsified" information. When these defendants, Pierce and Scott, recommended that plaintiff be classified to the SHU/Max, they falsely claim that plaintiff was being classified pending Major Adjustment Board Action and plaintiff's risk assessment score. Plaintiff had no pending disciplinary charges pending on April 29, 2004 when the MDT recommended that plaintiff be classified to SHU/Max. The further "fabricated and falsified" disciplinary charges that defendants Pierce and Scott refer to were served upon plaintiff on May 15, 2004, some sixteen days after the defendants recommended that plaintiff be classified to a higher security level. At the time defendants Pierce and Scott recommended that plaintiff be classified to the SHU/Max his risk assessment score was 9, meaning that plaintiff's security level warranted continue placement on medium-

3

low security (the general prison population). Plaintiff was not classified to the SHU/Max for the reasons stated on the classification form, but because plaintiff was exercising his First Amendment Rights in writing letters, filing a grievance complaining about misconduct of defendant Williams, and by speaking up and denouncing an illegal disciplinary hearing conducted by defendant Williams on April 28, 2004. As a result of plaintiff exercising his First Amendment Rights, "fabricated and falsified" disciplinary charges were prepared in retaliation thereof, whereby plaintiff was transferred and classified to the SHU/Max, and not for a legitimate penalogical interest. Thus, defendants Pierce and Scott conspired with defendants Hazzard and Williams when they recommended that plaintiff be classified to the SHU/Max based on "fabricated and falsified" prison records

prepared in retaliation against the plaintiff for excercising his First Amendment Rights.

33. On May 6, 2004, when the defendants of the IBCC board, Evelyn Stevenson, John Doe/Jane Doe #1, and John/Jane Doe #2, approved the MDT's recommendation of classifying plaintiff to the SHU/max based on "fabricated and falsified" prison records prepared against the plaintiff for excercising his First Amendment Rights, as stated above in paragraph 32, such classification based on a retaliatory motive as opposed to a legitimate penological interest, is not consistent with First Amendment Principles. The defendants of the IBCC could have and should have done more before approving the MDT's recommendation, because these defendants have the ability, opportunity, and duty to consider the possible results of any conduct before authorizing it. In this context the courts should be less deferential to prison officials than when

5

evaluating the constitutionality of punishment pursuant to prison regulations. The IBCC defendants conspired with the MDT defendants when they did nothing more than rubber stamp the MDT's recommendation.

34. On February 1, 2005, the MDT again recommended that plaintiff be classified to medium-high security instead of medium low security (the general prison poplulation). No reason was given why plaintiff was classified to medium-high security as opposed to medium low security. Plaintiff's risk assessment points warrants his placement back in the general prison poplulation.

35. The IBCC board considered plaintiff to SHU/max who do not qualify for its restrictions, and no clear standards govern assignment to it. It didn't ensure that plaintiff was given notice of the evidence relied upon and the specific grounds for placement in the SHU. It doesn't specify the offenses that can lead to

placement in the SHU. Despite of plaintiff filing I- classification appeals as prescribed by the Department's classification regulations, the IBCC refused to respond to the classification appeals. In light of the indeterminate time inmates maybe held in the SHU, and the fact that inmates are denied parole referrals because of their placement in the SHU, more procedural protections are required, which will advance an important interest of inmates, and won't impair defendants' interest in putting only "the worst of the worst" in the SHU, and will cause minimal hardship because giving specific notice of all the grounds for placement in the SHU would not be burdensome and would make overall operations more efficient by keeping inmates from being placed unnecessarily in the SHU.

## Claims

### First Cause of Action

36. The actions or inaction of the defendants stated in paragraphs 32 thru 35, violated plaintiff's First Amendment Rights when;

   A. defendants' transferred and classified plaintiff to SHU/Max, as set forth in detail in the preceding pages.

### Second Cause of Action

37. The actions or inaction of the defendants stated in paragraphs 32 thru 35, violated plaintiff's Fourteenth Amendment Rights when;

   A. defendants' transferred and classified plaintiff to the SHU/Max, as set forth in detail in the preceding pages.

8

## Relief

A. Grant compensatory damages in the amount of $150 against each named defendant beginning from May 12, 2004 to date that plaintiff has been kept from the prison's general population, regarding this cause of action;

B. Grant punitive damages in the amount of $5,000 against each named defendant;

C. Grant plaintiff any other relief that he maybe entitled to.

Respectfully submitted,

Jesse H. Nicholson, Jr.
SBI# 133626
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

Dated: February 2, 2005

9