IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSE H. NICHOLSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-954-SLR |
| | ) | |
| THOMAS CARROLL, CARL HAZZARD, | ) | |
| BERNARD WILLIAMS, DEPARTMENT | ) | |
| OF CORRECTIONS, and ANTHONY | ) | |
| J. RENDINA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF ADMISSIONS

1. It is true, that defendant Williams ordered or directed Sgt. Joseph J. Macchiarelli to write the disciplinary charges against plaintiff, in disciplinary report #109075 on April 22, 2004. True or False?

**RESPONSE:** I, Staff Lieutenant Williams, directed Sgt. Machiarelli, while in your presence, to write a disciplinary report after you entered my office admitting that you wrote the April 12th letter, and stated that the contraband found in your cell did not belong to your cellmate. /s/ Staff Lieutenant Williams. Remaining Defendants have no personal knowledge, and thus are unable to admit this allegation .

2. It is true, that Sgt. Joseph J. Macchiarelli did not witness the alleged statement made by plaintiff in the disciplinary report in admission #1. True or False?

**RESPONSE:** Defendants have no personal knowledge, and thus are unable to admit this allegation.

3. It is true, that defendant Williams gave the letter attached to the disciplinary report referred to in admission #1 to Sgt. Macchiarelli. True or False?

**RESPONSE:** Denied. You mailed the letter to me. I kept the letter for purposes of the disciplinary hearing. After I confronted you with the content, you snatched the letter and began ripping it to pieces in your attempt to destroy evidence. /s/ Staff Lieutenant Willaims. Remaining Defendants have no personal knowledge, and thus are unable to admit this allegation.

4. It is true, that the disciplinary charges in disciplinary report #1009075 derived from an incident that occurred on April 8, 2004. True or False?

**RESPONSE:** Defendant Williams admits the allegation. All remaining Defendants have no personal knowledge, thus are unable to admit this allegation.

5. It is true, that Sgt. Macchiarelli did not witness nor have any personal knowledge regarding the contraband that was found on April 8, 2004, stated in disciplinary report #1010825. True or False?

**RESPONSE:** Defendants have no personal knowledge, thus are unable to admit this allegation.

6. It is true, that plaintiff was served with a notice of disciplinary charges on May 15, 2004, relating to his transfer to Isolation Confinement/Pre-Hearing Detention on April 28, 2004. True or False?

**RESPONSE:** Defendant admits this allegation. The remaining Defendants have no

personal knowledge, and thus are unable to admit the allegation.

7.   It is true, that Defendant Williams did not report to work at DCC on May 15, 2004. True or False?

**RESPONSE:** Objection to the extent this request seeks irrelevant, inadmissible evidence, and is not likely to lead to the discovery of relevant admissible evidence.

8.   It is true, that the MDT recommended that plaintiff be classified to the SHU on April 29, 2004 or thereabout, based on the transfer order dated April 28, 2004, and/or the disciplinary report #1009266. True or False?

**RESPONSE:** Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

9.   It is true, that the IBCC approved the MDT's recommendation stated above in admission #8, before plaintiff was served with a notice of any charges against him, and prior to a hearing on any charges. True or False?

**RESPONSE:** Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

10.   It is true, that the disciplinary reports #1009075 and 1009266 were served upon plaintiff and heard in the manner prescribed by the Correction Code of Penal Discipline. True or False?

**RESPONSE:** Defendant Williams admits this allegation. The remaining Defendants

have no personal knowledge, and thus are unable to admit the allegation.

11. It is true, that the amount of process that is required, depends on whether the prisoner's transfer is characterized as disciplinary or administrative. True or False?

**RESPONSE:** Denied.

12. It is true, that the plaintiff's transfer to Isolation Confinement/Pre-Hearing Detention on April 28, 2004, was a disciplinary transfer. True or False?

**RESPONSE:** Denied.

13. It is true, that plaintiff's transfer to Isolation Confinement on April 28, 2004, was an administrative transfer. True or False?

**RESPONSE:** Defendant Williams admits this allegation. The remaining Defendants have no personal knowledge, and thus are unable to admit the allegation.

14. It is true, that the plaintiff was not provided an opportunity to present his views to defendants Carroll and Hazzard, when they had plaintiff transferred to Isolation Confinement on April 28, 2004. True or False?

**RESPONSE:** Denied.

15. It is true, that the I.B.C.C. did not furnish plaintiff with any notice of evidence it relied upon and specific grounds for his classification to the SHU. True or False?

**RESPONSE:** Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

16. It is true, that plaintiff spent 15 days in Isolation Confinement from April 28, 2004 to May 12, 2004. True or False?

**RESPONSE:** Denied. Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

17. It is true, that although plaintiff was transferred to the SHU on May 4, 2004 or thereabout, he remained on Isolation status until May 12, 2004. True or False?

**RESPONSE:** Denied. Remaining Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

18. It is true, that plaintiff was not alone in the presence of defendant Williams during any time relevant to this cause of action, except on April 28, 2004, when defendant Williams conducted an ill advised disciplinary hearing in reference to disciplinary report #1009075. True or False?

**RESPONSE:** Denied. Remaining Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

19. It is true, that plaintiff's property that was withheld from him when he was transferred to the SHU on May 4, 2004, or thereabout, was allowable property in DCC.

True or False?

**RESPONSE:** Denied. Defendants have no personal knowledge, thus are unable to admit Plaintiff's request.

20.  It is true, that SHU/Max and Medium-High housing units at DCC are segregated units away from the general prison population, where inmates receive less privileges, i.e., less access to jobs, visits (including contact visits), programs, commissary, personal property, phone calls, out of cell time, and inmates housed in the SHU are denied parole and parole referrals.  True or False?

**RESPONSE:** Defendant Williams admits the allegation, except in response to parole denials and referrals

        **AS TO OBJECTIONS:**

        **STATE OF DELAWARE
        DEPARTMENT OF JUSTICE**

        /s/Ophelia M. Waters
        Ophelia M. Waters, ID #3879
        Deputy Attorney General
        820 N. French St., 6th Floor
        Wilmington, DE 19801
        ophelia.waters@state.de.us
        (302) 577-8400
        Counsel for Defendants

Dated: April 1, 2005

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on April 1, 2005, she caused the attached

*Defendants' Responses to Plaintiff's First Set of Admissions* to be delivered to the

following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jesse H. Nicholson, Jr.
SBI #133626
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___ One true copy by facsimile transmission to each recipient

_✓_ Two true copies by first class mail, postage prepaid, to each recipient

___ Two true copies by Federal Express

___ Two true copies by hand delivery to each recipient

/s/Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
ophelia.waters@state.de.us
(302) 577-8400