## PRODUCED DOCUMENTS

| DOCUMENT | DATE |
|---|---|
| Disciplinary Reprt #1011939 | 12/23/04 |
| Disciplinary Report #1009266 | 5/15/04 |
| Disciplinary Report #1008786 | 4/8/04 |
| | |
| Notice of Disciplinary Hearing – For Minor/Major Offense Report #1009266 | 5/15/04 |
| Notice of Disciplinary Hearing – For Minor/Major Offense Report #1008786 | 4/8/04 |
| Notice of Disciplinary Hearing – For Minor/Major Offense Report #1009075 | 4/22/04 |
| | |
| Disciplinary Hearing Decision – Report #1009075 | 12/6/04 |
| Disciplinary Hearing Decision – Report #1009266 | 5/25/04 |
| Disciplinary Hearing Decision – Report #1008786 | 4/20/04 |
| Disciplinary Hearing Decision – Report #1009075 | 4/28/04 |
| | |
| Disciplinary Hearing Appeal Form – Report #1009266 | 6/21/04 |
| Disciplinary Hearing Appeal Form – Report #1009266 | 5/27/04 |
| Disciplinary Hearing Appeal Form – Report #1009075 | 4/28/04 |
| | |
| Incident Report #---------- | 5/27/04 |
| Incident Report #1011442 | 5/11/04 |
| Incident Report #1011440 | 4/28/04 |
| Incident Report #1011184 | 4/22/04 |
| | |
| Interdisciplinary Progress Notes | 3/8/04 |
| | |
| Inmate Acquired or Confiscated Property | 4/8/04 |
| | |
| Classification Decision Page | 11/9/04 |
| | |
| Reclassification Form | 1/19/05 |
| Reclassification Form | 8/17/04 |
| Reclassification Form | 4/29/04 |

| | |
|---|---|
| Routine Classification/Maintenance Review | 3/1/05 |
| Routine Classification/Maintenance Review | 5/6/04 |
| Administrative Transfer Inmate Statement | 4/27/04 |
| Letter from Nicholson to Mr. Bernie Williams | 4/12/04 |
| Memorandum to Nicholson from Counselor Simms | 11/9/04 |
| MEMO to Nicholson from Counselor McFadden | 5/17/04 |
| MEMO to Nicholson from Cpl. L. M. Merson | 5/3/04 |
| MEMO (Administrative Transfer) to Nicholson from Capt. Karl Hazzard | 4/28/04 |
| Affidavit of John D. Coventry | 1/7/05 |
| Correction Code of Penal Discipline | -------- |

Case 1:04-cv-00954-SLR Document 63-2 Filed 06/01/2005 Page 3 of 22

| Disciplinary# | | | | | |
|---|---|---|---|---|---|
| 1009266 | | | | | |

Smyrna Landing Road
**SMYRNA DE. 19977**
**Phone No. 302-653-9261**

17 BU

## DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit: Bldg 18 | IR#: 1011440 |
|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00133626 | Nicholson, Jesse H J | DCC | Bldg.13 Hearing Office | 04/28/2004 | 13:30 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 1.11/200.212 Falsifying Physical Evidence and/or Influencing a Witr
2.06/200.108 Failing to Obey an Order

| Witnesses:1 Dixon, Floyd | 2. N/A | 3. N/A |
|---|---|---|

### Description of Alleged Violation(s)

On April 28, 2004 At Approx. 1330 I/M Nicholson # 00133626 Was In Hearing Office For A Hearing. I ( Slt Bernard Williams) Wa
Reading A Letter From I/M Nicholson That Admitted That The Contraband Found Belonged To Him. I/M Denied That The Letter Wa
His. At This Point The I/M Reached Across The Desk, Grabbed The Letter And Started To Rip It Up. I Ordered Him Several Times T
Give Me Back The Letter. I/M Refused, Stood Up, And Continued To Rip The Letter. I Then Reached For The Letter And Grabbed H
Hand. I/M Resisted And Pulled Away. I/M Nicholson Fell To The Floor Due To The Struggle. I Called For Backup And Lt Floyd Dixc
Responded With His Handcuffs. I/M Nicholson Was Secured In Handcuffs And Secured In The Search Room Holding Cell Withou
Further Incident. As A Result Of The Struggle The Letter Was Torn And Slt Bernard Williams Name Tag Was Broken. Shi
Commander Was Notified Of Incident. Reports Were Written And Submitted. Eor

Reporting Officer: Williams, Bernard (Adjustment Board Officer/L5)

### Immediate Action Taken

Immediate action taken by: Williams, Bernard -Adjustment Board Officer/L5

Report Written And Submitted~Shift Commander Notified~I/M Secured In Handcuffs And Secured In Search Room Holding Cell

### Offender Disposition Details

| Disposition: N/A | Date: N/A | Time: N/A | Cell secured? No |
|---|---|---|---|

Reason: N/A

Disposition Of Evidence: Letter And Name Tag Submitted As Evidence

### Approval Information

Approved: ☑   Disapproved: ☐   Approved By: Mccreanor, Michael (Shift Commander - Large Inst.)

Comments: N/A

### Shift Supervisor Details

Date Received:          Time:          Received From: __

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate
revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

Mccreanor, Michael (Shift Commander - Large Inst.)

I have received a copy of this notice on **DATE**:_____ **TIME**: _____ and have been informed of my rights to have
a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions
outlined in the Rules of conduct.

Preliminary Hearing
Officer:          _____          Offender: _____
                              ,                              Nicholson, Jesse H J

Incident #

Date: 5/27/04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**INCIDENT REPORT**

Group#: _____ Type: IM involved  Incident Date: 5/27/04 Time: 1040 Confidential: ☐ Yes ☐ No

Facility: Delaware Correctional Center                    Follow-up Required: ☐ Yes ☐ No

Incident Location: Bldg. 17
Location Description: SHu Bldg 17 BL1

Violated Conditions: _____

Description of Incident: On the above date and approximate time, IM Nicholson, Jesse refused to attend a hearing with Lt. Savage and S/Lt Williams.

| Injured Persons | Hospitalized | Nature of Injuries |
|---|---|---|
| N/A | ☐ Yes ☒ No | N/A |
| | ☐ Yes ☒ No | |
| | ☐ Yes ☒ No | |

Evidence Type: N/A                    Date Collected: N/A
Discovered By: N/A                    Secured By: N/A

Type of Force Used: ☐ Physical ☐ Chemical ☐ Stun ☐ Other ☐ Capstun ☒ None

Restraints Used: N/A
Immediate Action Taken: 404

**Individuals Involved**

| Person Code | Name | SBI # | Title |
|---|---|---|---|
| RP | C/o Victoria Gray | N/A | C/O |
| S-1 | Nicholson Jesse | 133626 | Inmate |
| W-1 | Ltarry n Savage | | Corr Lt |
| W-2 | S/Lt B williams | | Corr S/Lt |

Reporting Officer: C/o Victoria Gray          Entered By: _____

**Approval Information**

☐ Approved   ☐ Disapproved   Date: _____   Approved By: _____

Comments: _____



DR #
*100926.6*

Date: 5/15/04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: **Nicholson, Jesse**    SBI#: 00 **133626**    Housing Unit: **SHU**    #18
C45

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you.
    (Staff are to explain the charges as listed on the 122).

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as
    alleged in the attached Disciplinary Report.

    How do you plead?   ☐ Guilty    ☒ **Not Guilty**

3.  A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be
    restricted to:
    a.  Written Reprimand.
    b.  Loss of one or more privileges for a period of time **of more than 24 hours but less than
        15 days.**

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be
    restricted to:
    a.  Loss of one or more privileges for a period **of more than 15 days but less than 60 days.**
    b.  Confinement to assigned quarters for a period of time not to exceed 30 days.
    c.  Isolation confinement for a period of time not to exceed 15 days.
    d.  Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated
        good time shall be subject to the approval of the Commissioner or his designee.)

5.  You have the rights in the disciplinary process as stated on the lower and back of this page. These
    have been fully explained to you at the time of this notification.

6.  Counsel requested?   ☐ Yes   ☒ No    Name of Counsel: **N/A**

7.  Confront accuser?   ☒ Yes   ☐ No

8.  Witness requested?   ☐ Yes   ☒ No    Name of Witness: **N/A**

I certify that on **5/15/04** at **2230**
⎴(Date)    ⎴(Time)

I served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense
and the Disciplinary Report is attached hereto.

X _____
(Employee's Signature & Title)

I have received copies of 122 & 127 and
understand my rights as Form #127 has
been read to me.

X _Jesse M Nicholson J._
(Inmate's Signature)

Page 1

Form 127: May 30, 2003   DACS

## NOTICE OF DISCIPLINARY HEARING – PAGE 2

## INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**Impartial Hearing Officer:** You have the right to be heard by an Impartial Hearing Officer, who shall not have witnessed the incident in question, have been involved in preparation of the charge, or otherwise biased against you. Such Hearing Officer shall not have had supervisory responsibility over you during the six months immediately proceeding the hearing and shall be of a rank no lower than Lieutenant.

**Make a Statement and Present Evidence:** You have the right to make a statement and present any reasonable evidence, including written statements from others in your behalf.

**Record of Findings:** You have the right to receive a written record of the Disciplinary Hearing. Such record shall state the findings of the Hearing Officer, summarize the evidence relied upon, and will state the sanctions imposed, if any.

**Appeal:** You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction or his designee. At the Disciplinary Hearing you will be provided with an appeal form. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing UNLESS YOU INDICATE ON THE APPEAL FORM THAT YOU DO NOT INTEND TO APPEAL. The purpose of the automatic stay is to afford you time to decide if you want to appeal. If you file an appeal within seventy-two (72) hours immediately following the hearing, the Hearing Officer MUST stay the execution of the sanction until an appeal decision is rendered. If you do not file an appeal within seventy-two (72) hours immediately following the hearing OR if you indicate on the appeal form that you do not want to appeal, the sanction shall be executed. The 72-hour time limit will run only while you are incarcerated at the institution.

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

**MAJOR OFFENSE          (All of the above plus the following)**
**Counsel:** You have the right to consult with counsel substitute prior to the hearing. At the hearing, you may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitute may present your case at a Disciplinary Hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as your literacy, intelligence, the complexity of the issues under consideration, and other factors which may prevent you from making a complete presentation on your own behalf.

**Pre-Hearing Detention:** You have the right to remain in your existing status until the hearing unless you become sufficient threat to other inmates, staff members, or yourself to warrant pre-hearing detention. If pre-hearing detention is ordered by the Shift Supervisor of your unit, that order must be reviewed by the Warden or his designee every 24 hours. Failure to do so will cause you to return to your previous status. Any time spent in pre-hearing detention will be credited against any subsequent sanction imposed.

**Copies of Written Information:** You have the right to receive copies of any written information which the Hearing Officer may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual, reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, the contents will be summarized for you to the extent this may be done without creating a substantial risk to institutional or personal safety.

**Call Witness:** You have the right to call witnesses on your behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety, or would endanger the physical safety of any individual; such reasons will be stated in writing by the Hearing Officer.

**Confront and Cross-Examine Accuser:** You have the right to confront and cross-examine your accuser (the author of the Disciplinary Report) and all witnesses who testify against you unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial will be stated in writing by the Hearing Officer.

Cont 5/27/04 1040

DR #
1009266

Date: 5/25/04

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☑ Class I (Major)    ☐ Class II (Minor)    ☐ Summary (24 Hour LOAP)

Inmate: Nicholson Jesse    /SBI # 00 133626
Institution: Delaware Correctional Center    Hearing Date: 5/25/04    Time: 1045

Inmate Present: ☑ Yes    ☐ No

Reason (If No): _____

Violation: 200,203 DTB 200,212 falsifying Evidence 200,108 FTO
Inmate Plea: not guilty
Inmate Statement: Didn't happen. Man attacked me. He
got mad at me. And punched me in face.

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Decision: ☑ Guilty    ☐ Not Guilty    ☐ Further Investigation
Rational: During Hearing inmate asked to confront accuser.
When confrontation was set up inmate refused to come out
for confrontation. Per report from staff Lt Williams
inmate found guilty of all charges. 15 to do
Sanctions: 36 days Isolation credit for balance served
Hearing Officer's Signature _____

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☑ I do intend to appeal.
☐ I do not intend to appeal.

inmate unable to sign
not present for final
Disposition

Inmate's Signature

## ORDER TO IMPLEMENT SANCTIONS

☐ Inmate does not wish to appeal    ☐ Appeal has been denied by Commissioner or Designee
☐ Sanctions have been modified    ☐ Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on Date: _____ Time: _____
Form 121 – May 30, 2003 – 2 pt. NCR  DACS

DR #
_7009266_

Date: _5/21/04_

**RECEIVED**

**JUN 0 7 2004**

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

HEARING OFFICE CLERK

**DISCIPLINARY HEARING APPEAL FORM**

| Inmate: _____ | SBI#: 00 _____ |

## RE: DISCIPLINARY HEARING

You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of
Correction, or his designee. Execution of any sanction imposed by the Hearing Officer shall be
automatically stayed for seventy-two (72) hours immediately following the hearing **UNLESS YOU
INDICATE ON THIS FORM THAT YOU DO NOT WANT** to appeal. If you do not file an appeal
within seventy-two (72) hours, or if you indicate on this form that you do not want to appeal, the sanction
shall be carried out immediately.

[X] **Yes, I do want to appeal.**     [ ] **No, I do not want to appeal.**

I want the decision of the Hearing Officer to be:

[X] **Reversed, and/or**     [ ] **Remanded for further proceedings.**

My reasons for making this appeal are:

Appeal description: _On April 28 2004 S6/lb Bernie Williams conducted
an illegitmate disciplinary hearing (see letters I wrote dated
April 26 and May 20, 2004). During this illegal hearing
Mr. Williams attacked me by punching me in my face because
I was asserting my due process rights that were being violated
by him. After the attack I was arbitrarily placed in
pre-hearing detention Isolation where I spent 15 days
without a disciplinary write-up or a disciplinary hearing.
when I was released from Isolation I was expressing to
prison officials that I was placed in Isolation without_

_See reverse side_

Date: _5-27-04_     Inmate Signature: _Jesse A. Nicholson Jr._

To file this appeal, mail it to the DCC Hearing Office.

* The 72 hour time limit will run only while you are incarcerated.

Form 126 – 5/30/03  DACS

without a disciplinary report or hearing. Three (3) days later, all of a sudden a disciplinary report was served upon me, dated May 15, 2004. The report was fabricated and falsified, and is an attempt to cover-up the illegal disciplinary hearing of April 28, 2004, the attack an assault, and my subsequent arbitrary placement in Isolation and the SHU. In addition, the disciplinary report was executed without a required signature by the reporting officer, and it was served 17 days after the alleged incident, assuming that the report was not fabricated and falsified.

On May 25, 2004, Lt. Savage summoned me for a disciplinary hearing concerning this matter. I stated to Mr. Savage that he had no descretion or authority to conduct this hearing because the write-up was executed and served in violation of the Penal Code of Discipline and therefore this hearing regarding the matter is illegal. Lt. Savage stated that he was going to conduct this illegal hearing. At that point Mr. Savage asked me if I wanted to confront my accuser, and I said I didn't care what he did because I'm not going to participate in this illegal hearing. Two (2) days later Mr. Savage returned with Mr. Williams to continue this hearing, and I refused to attend because it was illigitimate.

Therefore, since the hearing officer(s) and the accuser violated the mandatory procedures and regulations, the write-up must be declared as invalid. To be placed in pre-hearing detention/Isolation without a disciplinary report or a hearing is a blatant violation of my due process rights.

| DR# |
|-----|
| 1009266 |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**Kent, DE, 19977**
**Phone#: 302-653-9261**

Date: 06/21/2004

## DISCIPLINARY HEARING APPEAL FORM

**Inmate :** Nicholson, Jesse H J                                   **SBI#:** 00133626     **Type:** Class 1

**Institution:** DCC  Delaware Correctional Center                  **Hearing Date:** 05/27/2004   **Time:** 10:40

### RE: DISCIPLINARY HEARING

You have the right to appeal the decision of the Hearing officer to the Commissioner of the Department of Correction, or his designee. Execution of any sanction imposed by the hearing officer shall be automatically stayed for Seventy-Two(72) hours immediately following the hearing **(UNLESS) YOU INDICATE ON THIS FORM THAT YOU DO NOT WANT** to appeal. If You do not file an appeal within seventy-two (72) hours, or if you indicate on this form that you do not want to appeal, the sanction shall be carried out immediately.

　　[X] Yes, I do want to appeal.　　[ ] 　No, I do not want to appeal.

I want the decision of the Hearing Officer to be :

　　[X] Reversed, and/or　　　　[ ] 　Remanded for further Proceedings.

**My reasons for making this appeal are :**

On April 28 2004, St./Lt. Bernie Williams conducted an illigitmate disciplinary hearing see letters I wrote dated April 26 and May 20, 2004). During to his illegal hearing Mr. Williams attacked me by punching me in my face because I was assertig my due process rights that were being violated by him. A fter the attack I was orbitrarily placed in prehearing detention/Isolation wehre I spent 15 days without a disciplinary write up or a disciplinary hearing. When I was released from Isolation I was expressing to when I released from Isolation I was expressing to prison officials that i was placed in isolation without a disciplinary report or hearing. Three (3) days later, all of a sudden a disciplinary report was served upon me dated May 15, 2004. The report was fabricated and falisified and is an attempt to cover up the illegal disciplinary hearing of April 28, 2004 the attack an assault and my subsequent arbitrary placement in isolation and the SHU.  In addition, the disciplinary report was executed without a required signature by the reporting officer, and itw as served 17 days after the alleged incident assuming that the reprot was not fabricated and falsified.  On May 25, 2004 Lt. Savage summoned me for a disciplinary hearing concerning this matter. I staetd to Mr. Savage that he had no descretion or authority to conduct this hearing because the write up was executed and served in violation of the Penal Code of Discipline and therefore was hearing regarding the matter is illegal. Lt. Savage stated that he was going to conduct this illegal hearing.  At that point Lt. Savage asked me if I wanted to confront my accuser and I said I didnt care what he did because I'm not going to participate in this illegal hearing. Two (2) days later Mr. Savage returned with Mr. Williams to continue this hearing, and I refused to attend because it was illigitimate.

**DATE:** 06/21/2004                        **SIGNATURE:** _____
　　　　　　　　　　　　　　　　　　　　　　　　Nicholson, Jesse H J

To file this appeal, give it to Savage, Larry

* The 72-hour time limit will run only while you are incarcerated.

Routine Classification                           Maintenance Review

Name: Nicholson, Jesse                    SBI#: 1 3 3 6 2          Form # 908

**Risk Assessment Scale:**

| Community/Minimum | Minimum | Medium | Maximum |
|---|---|---|---|
| -2 to 04 | 05 - 08 | 09 - 16 | 17 or more |

Override: ☐ Yes    ☒ No    If yes, briefly specify reason: _____

Mandatory Policy Override Removal Approved By Warden/Designee _____

| | Present | ICB or MDT Recommendation | IBCC Recommendation/ Decision | CICB Recommendation/ Decision | IRCB Decision |
|---|---|---|---|---|---|
| **Security** | Max | Rec. Med/HC | appt | | |
| **Housing** | MHU-21 | | | | |
| **Job** | | | | | |
| **Education** | | Rec. TEC | ✓ | | |
| **Therapy** | Max programs | Rec. Thresholds, | | | |
| **Other** | | MH groups | | | |
| **Other** | | | | | |
| **Next Review Date** | | Month 01 / Year 06 | Month 2 Year 06 | Month / Year | |

| MDT or ICB MEMBERS PRESENT | Lt. Porter, T. Zanda | Vote: 2-0 Abstention: |
|---|---|---|
| MDT or ICB CHAIRPERSON | Lt. R Porter | Date: 02/01/05 |
| MDT or ICB COMMENTS | | |
| | | |
| | | |
| | | |

| IBCC CHAIRPERSON | | Date: 3/1/05 | Vote: 3 0 Abstention: |
|---|---|---|---|
| Override (include justification in comments) | Comments: | | |
| | | | |
| | | | |

| CICB CHAIRPERSON | | Date: | Vote: Abstention: |
|---|---|---|---|
| Override (include justification in comments)___ | Comments: | | |
| | | | |
| | | | |

| IRCB CHAIRPERSON: | | Date: | Approved: Disapproved: |
|---|---|---|---|
| Override (include justification in comments)___ | Comments: | | |
| | | | |
| | | | |

Disciplinary# | **1011939**

Date: 12/23/2004

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**
# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit: Bldg 17 | | IR#: 1014648 | |
|---|---|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00133626 | Nicholson, Jesse H J | DCC | Bldg.17 B Tier | 08/13/2004 | 11:48 |

Violations: 1.05/200.225 Demonstrations (Strike), 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey Order

Witnesses: 1. Nkwopara, Edwin          2. Rodriguez, Zach          3. Turner, Gregory

## Description of Alleged Violation(s)

On August 13, 2004 At Approximately 1148 Hours Lt. Paul Harvey Was Notified By Sgt. Matthew Stevenson (Bldg 20 Rover/Leadworker) That The Inmates Housed On B-Wing Of Bldg #17(Shu) Were Refusing To Surrender Their Lunch Trays To The Bldg #17 Staff. Lt. Harvey Informed Capt. Karl Hazzard (Shift Commander) Who Sent An Officer To Relieve Lt. Harvey Who Was Monitoring Inmate Feeding In Bldg #14 Dinning Hall A. Lt. Harvey Also Notified Unit Manager Capt. Clyde Sagers. Lt. Harvey Arrived In Bldg #17 At Approximately 1200 Hours And Was Breifed By C/O Edwin Nkwopara (Oic Of Bldg #17) That The Inmates On B-Wing Were "Refusing To Give Up Their Trays Until They See A Counselor". Lt. Harvey, C/O Nkwopara, C/O Zach Rodriguez, C/O Kenneth Dickens, And C/O Greg Turner Entered B-Wing And Lt. Harvey Began Retrieving The Trays. Lt. Harvey Informed The Each Inmate Of The Following: "You Guys Have Made Your Point, The Institution Executives Have Been Informed Of Your Group Complaint, I Am Ording You To Give Up Your Tray And Failure To Due So Will Result In The Possible Use Of Force To Retrieve It". Prior To Lt. Harvey And The Bldg #17 Staffs' Departure Of B-Wing All Of The 23 Inmates Who Had Refused To Surrender Their Tray Had Complied. All Of The Complaints To Lt. Harvey From The Inmate On B-Wing Were Complaints Of Issues Which Would Require Treatment Involvement With The Exception Of One Inmate Who Claimed That He Was Denied Recreation (This Inmate Refused To Accept Recreation In The Area Designated By Security Staff). I/M Jessie Nicholson Was A Participant In This Demonstration.
Reporting Officer: Harvey, Paul (Staff Lt./Lt)

## Immediate Action Taken

Immediate action taken by: Harvey, Paul -Staff Lt./Lt

Trays Were Returned To The Kitchen

## Offender Disposition Details

Disposition: N/A                Date: N/A          Time: N/A          Cell secured? No

Reason: N/A

Disposition Of Evidence: All 24 Trays Were Recovered And Returned To The Kitchen

## Approval Information

Approved: ☑     Disapproved: ☐     Approved By: Mccreanor, Michael (Shift Commander - Large Inst.)

Comments: N/A

## Shift Supervisor Details

Date Received:              Time:          Received From: ___

Shift Supervisor Determination:

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

Mccreanor, Michael (Shift Commander - Large Inst.)

| Disciplinary# | DOC Delaware Correctional Center | Date: 12/23/2004 |
|---|---|---|
| 1011939 | Smyrna Landing Road | |

**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# DISCIPLINARY REPORT

**Disciplinary Type:** Class1        **Housing Unit:** Bldg 17        **IR#:** 1014648

I have received a copy of this notice on **DATE:**_____ **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing**
**Officer:** _____  **Offender:** _____

Nicholson, Jesse H J

Appendix E

## DELAWARE CORRECTIONAL CENTER ---- MEMORANDUM

TO: Inmate _Nicholson, Jesse_ , SBI# _133626_ , Housing Unit _SHU_
VIA: Counselor _Simms_
FROM: I.B.C.C.
DATE: _11/09/04_
RE: Classification Results

Your M.D.T. has recommended you for the following: _Continue Max, SHU Programs_

The I.B.C.C.'s decision is to:

✓ Approve _All_

____ Not Approve

____ Defer

____ Recommend

____ Not Recommend

## BECAUSE:

____ Lack of program participation
____ Pending disciplinary action
____ Gradual phasing indicated
____ Open charges
____ Prior criminal history
____ Failure to follow your treatment plan in that you

____ Time remaining on sentence
____ Prior failure under supervision
____ Poor institutional adjustment
____ Serious nature of offense

____ You present a current and continuous danger to the safety of staff, other inmates, or the good order of the Institution. Explanation:

**OTHER:** _Rev - 01/05_

## ADDITIONAL COMMENTS:

____ Develop/continue treatment plan with counselor

You will be expected to address the following:

Copy to: Classification
Inmate
Institution File

Form #456 (3 Part NCR)
Revised 11/97

SMYRNA LANDING ROAD
SMYRNA DE, 19977
Phone#: 302-653-9261

# INCIDENT REPORT

| Group#: 859 | Type: Inmate Involved | Incident Date: 04/28/2004 | Time: 13:30 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center       **Followup Required :** No

**Associated Disciplinary Report #(s):** 1009266

**Incident Location:** Bldg.13 Hearing Office

**Location Description:**

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior
1.11/200.212 Falsifying Physical Evidence and/or Influencing a Witness
2.06/200.108 Failing to Obey an Order

**Description of Incident:**

On April 28, 2004 at approx. 1330 I/M Jesse Nicholson #00133626 was in hearing office for hearing on DR#1009075. I ( SLT Bernard Williams) was reading a letter from the inmate admitting that the contraband that was found belonged to him. I/M denied writing the letter. At this point I/M reached across and grabbed the letter from the desk and started to rip it up. I ordered him several times to give me back the letter. I/M refused, stood up and continued to rip the letter up. I then reached for the letter and grabbed his hand. The I/M resisted and pulled away. I/M Nicholson fell to the floor as a result of the struggle for the letter. At this time I called for backup and Lt. Floyd Dixon responded with handcuffs. I/M was then secured with the handcuffs and secured in search room holding cell with no further incident. As a result of this struggle the letter was torn up and SLT Williams name tag was broken. Report was written and submitted. Shift Commander was notified of incident. EOR

| Injured Persons | Hospitalized | Nature of Injuries |
|---|---|---|
| N/A | N/A | N/A |

**Evidence Type:** N/A                    **Date Collected:** N/A

**Discovered By :** N/A                    **Secured By:** N/A

**Type of Force Used:** [ ]  PHYSICAL  [ ]  CHEMICAL [ ]  STUN [ ]  OTHER  [ ]  CAPSTUN [X]  NONE

**Restraints Used    :** N/A

**Immediate Action Taken:**
Report written and submitted

| Individuals Involved | | | |
|---|---|---|---|
| Staff | Bernard, Williams | N/A | Adjustment Board Officer/L5 |
| Staff | Floyd, Dixon S | N/A | Staff Lt./Lt |
| Inmate | Jesse, Nicholson H J | 00133626 | N/A |

**Reporting Officer:** Williams, Bernard  (Adjustment Board Officer/L5)        **Entered By:** Williams, Bernard  (Adjustment Board Officer/L5)

**Approval Information**

[X]  Approved  [ ] Disapproved  **Date:** 04/28/2004  **Approved by:** Mccreanor, Michael   (Shift Commander - Large Inst.)

**Comments:** N/A

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## DISCIPLINARY HEARING DECISION

| | | | |
|---|---|---|---|
| **Inmate** : Nicholson, Jesse H J | | **SBI#:**00133626 | **Type:**Class 1 |
| **Institution:**DCC Delaware Correctional Center | | **Hearing Date:** 04/28/2004 | **Time:** 13:10 |

**Inmate Present:** Yes     **Reason(If No):** N/A

**Violation:**  1.18/200.218 Possession of Dangerous Contraband, 2.06/200.108 Failing to Obey an Order

**Inmate PLEA:** Not Guilty

**Inmate Statement:**  I/M clms items not his. States he did this to help cellie out. Accuse denies any knowledge. Accuse was told of letter. H/O read letter, accuse snatched letter out of H/O hands he immediately started to rip it up. Ordered him to give it to H/O. He stood up. H/O stood up grabbed accuse hand that paper was in. He snatched away. H/O again tried to get paper wk. I/M H/O went down on floor. H/O called for backup. Lt. F. Dixon responded. Cuffs were place on accuse.

**Witness Name:** Andereson, Nathaniel

**Testimony :** denied due to accuse behavior at hearing. I/M Anderson was also chg. with offense. found n.g do to letter written to H/O Wms. B & Nicholson verbal admittance to H/O

**Decision :** Guilty

**Rational :** I/M found guilty of poss of paraph (not dang cont) and fail to obey an order (which is viol of visit policy) H/O viewed ev

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE _____

Williams, Bernard

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I [X]   DO   [ ]   DO NOT INTEND TO APPEAL**

**INMATE's SIGNATURE** _____

### ORDER TO IMPLEMENT SANCTIONS

| | | |
|---|---|---|
| [X]   Inmate does not wish to appeal | [ ]   Appeal has been denied by Commissioner or Designate |
| [ ]   Sanctions have been modified | [ ]   Time Limit(72 Hours since hearing) for appeal has expired |

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 12/20/2004 | 15 | 01/03/2005 |

To: _Nicholson, Jesse_____ SBI # _133626_

From: Counselor _McFadden_Date: _5/17/04_

The Quality of Life Level Review Committee has reviewed your status and has determined you level shall:

_____ remain at level _____

_____ be downgraded to level _____

_____ be upgraded to level _____

**OR**

You have been given a temporary QOL level __1__ which is subject to be changed if the QOL committee determines to do so.

The decision for your level assignment was based on the following reason(s):

_Transfer to SHU_____

_____

**Treatment Plan**   (your plan includes all items that are checked)

**X** Develop and maintain a positive attitude with staff and others
**X** Comply with all rules of the SHU        **X** Exhibit positive behavior
**X** Keep your room clean              **X** Maintain personal cleanliness
**X** Show respect for others            **X** Respect all property in the SHU
**X** Anger Management (1)           ___ Conflict Resolution (2)
**X** Journaling (1,2)                ___ Violence Reduction (2)
**X** Daily Log (All)                 ___ Substance Abuse (3)
___ Communication Skills (3)         ___ Values Survey (3)
___ Decision Making and Stress (3)    ___ Individual essay (Any)
___ Self-Discovery – 1 & 2 (2,3)

_____
_____
_____

Signed: _Jesse A. Nicholson Jr_____ Date: _5-17-04_

Cc:   **Records/ Treatment File**
      **Deputy Warden's Office**
      **Counselor/ Inmate**
      **File**

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
**OFFICE OF THE INMATE GRIEVANCE CHAIRPERSON**
1181 Paddock Road
SMYRNA, DELAWARE 19977

### MEMORANDUM

To:    Inmate  Nicholson, Jesse         DE          E9

From:  Cpl. L. M. Merson, Inmate Grievance Chairperson

Date:   Monday, May 03, 2004

RE:     Grievance

The grievance submitted by you Dated: 04/26/04 is being returned to you for the following reason(s):

____    The complaint was addressed by the IGC:

____    **Security Issue** (involves the security and/or staffing of the Institution and/or the safety, health, and/or welfare of inmates, staff, and the public.

____    **Classification Issues** (security classification, jobs, transfers, programs, housing unit assignment). Classification has its own appeal process.  The inmate must write to the DCC Classification Office within 7 days after the inmate receives the Classification decision.  The letter must state that the inmate is appealing the classification and clearly indicate the reasons the inmate disagrees with the classification decision.

__X__   **Disciplinary Issue:**  Disciplinary actions cannot be grieved but must be APPEALED following the Correctional Code of Penal Discipline.

____    **Parole Board Decision:**  The inmate must write a letter to the Parole Board within 30 days of the Board's decision, expressing the desire to  appeal the decision and listing the reasons.  The Parole Board's address is:  Board of Parole; Carvel State Office Bldg.; 820 N. French Street, 5th Floor; Wilmington, DE 19801.

____    Inmates cannot request or demand disciplinary action on staff.  If you have a complaint regarding staff, **WRITE A LETTER** to that person's supervisor; in this case, that is:

____    This is an issue/complaint that has already been grieved by you or another inmate.

____    Grievance is unacceptable because it has passed the seven-day time frame allotted to file a grievance.

____    The grievance is a **photocopy**, carbon copy, written in pencil, red ink or is illegible. Original grievance forms only and they must be written in Black or Dark Blue Ink.

____    This complaint is addressed in the housing rules for your housing unit.  Refer to the Housing Rules, page ____, for clarification and/or direction.

____    Action Request is **inappropriate** or **not completed.** Inmate must make an actual request; such as, **request that an investigation be conducted** (inmates are not forwarded results of investigations that involve staff conduct).

____    Documentation must be **attached to the grievance** when it is resubmitted that supports allegations/complaint; such as commissary receipts, Form 537, etc.  The IGC will make copies of items submitted with the grievance and return the originals to the inmate.

____    **Other :** *L. S. A. Little 17)*

cc: inmate
Original: file

FORM  #584

GRIEVANCE FORM

FACILITY: _D.C.C._____    DATE: _April 26, 2004_____

GRIEVANT'S NAME: _Jesse H. Nicholson_    SBI#: _133626_____

CASE#:_____    TIME OF INCIDENT: _14:30_____

HOUSING UNIT: _D-E, E-9_____

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

_See attached pages_____

_____

_____

_____

_____

_____

_____

_____

_____

ACTION REQUESTED BY GRIEVANT: _That the disciplinary report against
me in report No. 1009078 immediately be thrown out
because it was executed upon fabricated information,
and violative of my procedure due process rights. That
S6.//b. Bernie Williams be severly punished for his
official misconduct_

GRIEVANT'S SIGNATURE: _Jesse W. Nicholson Jr_  DATE: _April 26, 2004_

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**RECEIVED**

APR 2 8 2004

**Inmate Grievance Office**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

## Return of Unprocessed Grievance

<u>Intake Action:</u> This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed. _____Disciplinary Action      _____Parole Decision
_____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are <u>not</u> accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

_____          _____
Inmate Grievance Chairperson                              Date

Form#: 584 (F&B)
(Reverse Revised July '99)

On April 20, 2004, St./Lt. Bernie Williams knowingly and willingly fabricated a statement against me that lead directly to a disciplinary report (No. 1009075). Mr. Williams fraudulently told Sgt. Macchiarelli that I told him that the contraband found in reference to incident 1010825 was in fact mine. Sgt. Macchiarelli executed a disciplinary report against me based on that fabricated statement by Mr. Williams. Nathaniel Anderson is the person written up in incident report No. 1010825, and he is a witness to the fact that I made no such statement to Mr. Bernie Williams. Mr. Anderson was written up on April 8, 2004 by Cpl. John Loventry for having a dope pipe. Your grievant was not written up on April 8, 2004, the date of the incident. Simply because I helped Mr. Anderson get the disciplinary report against him dismissed

1 of 2

is the reason why Mr. Williams fabricated information against me.

Additionally, Mr. Williams is attempting to circumvent my procedure due process rights that is, assuming that I had something to do with the contraband in question, I should have been written up no later than 72 hours after the incident by cpl. John Loventry, the original reporting officer, and the officer who found the contraband.