IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,
    Plaintiff,

v.

THOMAS CARROLL, et al.,
    Defendants.

C.A. No. 04-954-SLR

FILED APR 7 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**PLAINTIFF'S MOTION TO SANCTION THE DEFENDANTS' FOR THEIR FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY AS PRESCRIBED BY RULE 26(b)(1)**

COMES NOW, plaintiff, Jesse H. Nicholson, Jr., moves this Honorable Court pursuant to Fed. R.Civ.P. 37(a)(b)(c), for an order to compel and sanction the defendants for their failure to make disclosure or cooperate in discovery as prescribed by Fed. R.Civ.P. 26 for the following in support:

1. On February 23, 2005 or thereabout, plaintiff filed his motion to compel the defendants to submit their responses to plaintiff's discovery requests.

2. On February 14, 2005, defendants' filed for a protective order, asserting that

the requested production of documents is privilege information as codified at Del. Code Ann. tit. 11 § 4322.

3. On March 4, 2005, the court denied defendants motion for a protective order and ordered the defendants to respond to plaintiff's discovery request by April 1, 2005.

4. On April 1, 2005, defendants submitted their evasive, incomplete disclosure, answers, and responses to plaintiff's First Set Interrogatories, First Request for Production, and his First Set of Admissions.

5. First of all, there is no federal privilege which protects the defendants from producing the requested documents. Furthermore, this court is not bound to recognize a state privilege, especially when a "civil rights action is instituted in federal court under a federal statute which was enacted particularly to vindicate federal rights against deprivation by state action." See Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975). In the Kerr case, also a

prisoner civil rights action, the Ninth Circuit refused to recognize a state law evidentiary privilege which would have shielded numerous prison records from disclosure and found that federal law controlled. See Kerr, F.2d 511 at 197-98. Since the information contained within the requested documents was relevant to the issues raised in the case, the Ninth Circuit ordered its production. See id. at 196-97.

    6. The documents plaintiff seeks are clearly relevant to his case and the requested documents encompass several issues raised by plaintiff's discovery requests. Although this court is not bound to recognize the state privilege that the defendants assert, the court could allow the defendants to redact the requested documents before producing them to plaintiff for legitimate concerns. The Ninth Circuit and later the Supreme Court, approved of this approach, recognizing that particular documents, parts of documents, or categories of documents

might contain sensitive information which would warrant its protection. See <u>Kerr V United States District court</u>, 426 U.S. 394, 404 (1976). However, the defendants in this case has not presented a legitimate concern to this court that would warrant protection from disclosure of plaintiff's First Request for Production of Documents, notwithstanding the fact that the court has already denied defendants motion for a protective order requesting for the same relief.

7. As prescribed by Fed. R. Civ. P. 37(a)(3) an evasive, incomplete disclosure, answer or response is to be treated as a failure to disclose, answer, or respond. Throughout defendants responses to plaintiff's First Set of Interrogatories, specifically interrogatories #1, and #4 thru 36, the defendants responses or answers were evasive and incomplete.

8. On March 9, 2005, the court granted plaintiff's Second Amended Complaint, whereby five new defendants were added to this