cause of action. These defendants are directly responsible for the arbitrary classification of plaintiff to Maximum security and to the Medium-High segregated security unit. To the extent that the defendants assert that they have no personal knowledge, with regard to plaintiff's classifications relevant to this cause of action, is without any legal standing.

9. Rule 36 provides, _inter alia_, that a party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact including the genuineness of any documents described in the request. A party who considers that a matter of which an admission has been requested may not, on that ground alone, object to the request: the party may, subject to the provisions of Rule 37(c), deny the matter or

FILED

APR - 7 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

5

set forth reasons why the party cannot admit or deny it. Fed. R. Civ. P. 36(a).

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

The defendants answers to plaintiff's First Set of Admissions do not comply with the requirements of this rule; specifically, admissions #1-3, 4-5, 7-9, 11-12, and 14-19, therefore the matter should be admitted. Counsel for the defendants is an experienced attorney and therefore cannot justify her actions in failing to comply with the requirements of Rule 36. In fact, counsel for the defendants is attempting to introduce additional fabricated and fasified statements by the defendants. See admissions #1 and 3. Those

statements will be clearly refuted when briefing on the summary judgment motion is ripe.

WHEREFORE, for the foregoing reasons, plaintiff respectfully request this court to sanction the defendants for their failure to make disclosure and cooperate in discovery as prescribed by Fed. R. Civ. P. 37.

Jesse N. Nicholson
Jesse H. Nicholson, Jr.
SBI# 133626
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Dated: April 5, 2005

## Certificate of Service

I, _Jesse N. Nicholson Jr_ hereby certify that I have served a true and correct cop(ies) of the attached: _Motion to Sanction_ _____ upon the following

parties/person (s):

TO: _Clerk of the Court_     TO: _Ophelia M. Waters_
_United States District Court_  _Deputy Attorney General_
_844 King Street, Lockbox 18_  _820 N French St._
_Wilmington, DE 19801_     _Wilmington, DE 19801_

_____     _____

TO: _____     TO: _____

_____     _____

_____     _____

_____     _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _5th_ day of _April_ _____, 2005`

_Jesse N. Nicholson Jr._

IIM Jesse H. Nichols, Jr

SBI# 133624 UNIT

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



U.S.M...
X-RAY

U.S. POSTAGE
= 0.60 =

SMYRNA
APR-6'5
DE

PMB METER
6728578

Clerk of the Court

United States District Court

844 King Street Lockbox 18

Wilmington DF

19801