IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-954-SLR |
| ) | |
| THOMAS CARROLL, CARL HAZZARD, ) | |
| BERNARD WILLIAMS, DEPARTMENT ) | |
| OF CORRECTIONS, and ANTHONY ) | |
| J. RENDINA ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS**

Thomas Carroll, Anthony Rendina, Bernard Williams and Carl Hazzard ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure Rule 37(a) (4) (A), hereby oppose Plaintiff's motion to compel and for sanctions (D.I. 43) because Defendants' nondisclosure, responses or objections were substantially justified. Moreover, Defendants' good faith participation in discovery makes an award of expenses unjust. In support of this opposition Defendants state the following:

1.   Jesse Nicholson, Jr. ("Plaintiff") is an inmate currently incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. Plaintiff has filed a complaint seeking civil remedies pursuant to 42 U.S.C. §1983. Plaintiff alleges Defendants Carroll, Williams, Rendina and Hazzard violated his First and Fourteenth Amendment Rights when they engaged, either directly or indirectly, in "arbitrary and capricious" conduct to discipline, transfer, classify and terminate his employment

following an April 8, 2004 incident involving contraband found in Plaintiff's cell. (D.I. 2). Specifically, Plaintiff complains Defendant Williams violated his due process rights when he held a "biased and arbitrary" disciplinary hearing in contravention of the Delaware Correctional Center's (DCC) Correctional Code of Penal Discipline (CCPD).[1] Plaintiff claims that Defendants Carroll and Hazzard administratively transferred him to isolation without just cause. (D.I. 2). Plaintiff alleges that the transfer to isolation was "based on a fabricated and falsified transfer order and disciplinary report (no. 1009266)." (Id., ¶¶ 9-10). He asserts that Defendants Carroll and Hazzard prevented him from "telling his side of the story" after the April 28, 2004 altercation with Williams during a disciplinary hearing, as prescribed in the CCPD. In addition, Plaintiff sues Defendant Rendina, alleging that Rendina arbitrarily upheld the disciplinary decision in which Defendant Williams found Nicholson guilty after a hearing. (D.I. 6). In brief, Plaintiff alleges a series of events commencing with the discovery of contraband, followed by "fabricated and falsified" disciplinary actions which lead to "arbitrary and capricious" placement in a more restricted security location, and consequently loss of his "ice-man" prison job and ability to earn good-time credits. (D.I. 2, 6). It appears recurring "liberty and property" interests in employment, placement, and good-time credits, along with spatters of "retaliation" by state officers have become ever-present themes for the basis of Plaintiff's actions against prison officials.[2]

---

[1] The Delaware Correctional Center conducts its disciplinary process within the guidelines of the Correctional Code of Penal Discipline located in Appendix "A" of the Inmate Reference Manual.

[2] Inmate Nicholson has raised nearly identical due process and retaliation claims on similar facts in the District Court previously. Most recently in *Nicholson v. Snyder, et al.*, No. 00-588, memorandum order, *J. Robinson*, (D. Del., September 30, 2003), *aff'd in part*, No. 03-4310, *per curiam*, (3d Cir., May 14, 2004), Nicholson alleged that his due process rights were violated after he was disciplined and reclassified as a result of institutional violations related to testing positive for Marijuana. On remand to the District Court for further proceedings with regard to Nicholson's motion to file a second amended complaint to include

      2.      On or about January 7, 2005, Defendants filed a motion to dismiss/summary judgment, with accompanying memorandum of points and authorities, seeking to dismiss Plaintiff's claim against the Department of Correction,[3] as well as Defendants for failure to state a claim. (D.I. 17, 18). On or about January 26, 2005, Plaintiff filed a "statement of certification" for discovery to resolve issues in the case. (D.I. 21). A few days following Plaintiff's discovery requests (D.I. 22, 23, & 24), Plaintiff sought a continuance of summary judgment. (D.I. 25). Plaintiff filed an opposition to Defendants' motion to dismiss (D.I. 26), and a motion to amend his complaint. (D.I. 28). On or about February 4, 2005, Defendants filed a motion for protective order. (D.I. 31). On or about February 28, 2005, Plaintiff filed a motion to compel Defendants discovery responses. (D.I. 34). On March 4, 2005, this Honorable Court directed Defendants to respond to Plaintiff's discovery requests no later than April 1, 2005, and limit responses to "information related to plaintiff and to the time period alleged in his complaint." (D.I. 35). In denying Defendants' protective motion, this Honorable Court held "said discovery may be needed to respond to defendants' motion for summary judgment." Id. The Court granted Plaintiff until May 1, 2005 to file a response to Defendants summary judgment motion. Id.

      3.      On or before April 1, 2005, Defendants produced written responses and documentary discovery, to reply to Plaintiff's requests for admissions (D.I. 40), requests for interrogatories (D.I. 41), and requests for production of documents (D.I. 42).

---

retaliation claims, Nicholson sought to dismiss the complaint (D.I. 103). By way of order, the District Court directed the clerk to close case. (D.I. 105).

[3] Defendants have asserted an Eleventh Amendment immunity defense which bars suit for money damages against a state or state agency absent consent to suit. *Ospina v. Dep't of Corrections, State of Del.*, 749 F. Supp. 572, 577 (D. Del. 1991).

However, on April 8, 2005, Plaintiff filed this instant motion seeking sanctions and to compel production of certain documents alleging Defendants' responses to interrogatories numbers 1 and 4 through 36 are evasive or incomplete. (D.I. 43). Defendants refute Plaintiff's "evasive and incompleteness" assertions. Particularly, Plaintiff's interrogatory numbered 1 request that Defendants disclose "names, last known addresses of all persons who have direct knowledge or were eyewitnesses to facts alleged in complaint. . . ." (D.I. 41, ¶ 1). Defendants' response refers to documents provided to Plaintiff including the names, titles, ranks, and written reports of the Department of Correction officers, and their involvement in disciplinary matters which appear the basis of Plaintiff's complaint. Id.

    4.    In addition, Plaintiff's interrogatory requests numbered 4-36 focus on the specific actions taken by the inmate classification team and the recommendations made by them.[4] (D.I. 41, ¶¶ 4, 7, 8-12, 15-16, 26, 28-36). Defendants Carroll, Williams, Rendina and Hazzard, respond by indicating that they had no personal knowledge, involvement or information relating to the specific decision-making or recommendations made by the classification board related to Plaintiff's complaint. (D.I. 41). However, to the extent that any of these Defendants prepared records and/or reports documenting information related to Plaintiff and the time period alleged in his complaint, those documents have been provided. (D.I. 41, ¶¶ 5, 6, 13, 14, 17-25, and 27). Moreover, although not personally involved in Plaintiff's classification proceedings, Defendants identified and produced documents which relate to Plaintiff's classification status subsequent to the disciplinary action. (D.I. 41 & 42). Specifically, Defendants have

---

[4] Nicholson has amended his complaint to add Members of the Institutional Based Classification Board (I.B.C.C) and the Multi-Disciplinary Team (MDT) as additional Defendants, yet he has not affected service of process. (D.I. 45).

provided Plaintiff with a copy of his classification score sheet which assigns points to a variety of factors including the severity of offense, age of offender, prior criminal history, offender misconduct and work/program participation. Id. The point based classification system is used to assign offenders to various security/housing placements in the Delaware Department of Correction. Id.

      5.    Importantly, without demonstrating how disclosure of privileged policy and procedure manuals are relevant to the constitutional claims Plaintiff searches for in his complaint, he boldly contends that the "requested documents encompass several issues raised by [his] discovery request." (D.I. 43, pg. 3). This is the extent of the "evasive and incomplete" responses he attributes to Defendants. Clearly, Department Policy and Procedures Manuals related to inmate job suspensions and terminations, or inmate segregation and classification status have no bearing on Plaintiff's expectation to keep a prison job or earn good time credits. Plaintiff is all too familiar with the rules neither Delaware law nor prison regulations create a liberty interests in a prisoner's classification within the institution. 11 *Del. C.* § 6529 (e); *Brown v. Cunningham*, 730 F. Supp. 612 (D. Del. 1990). Undoubtedly, he is familiar with the principle that maintaining employment or earning good time credits are not a property or liberty interest entitled to protection under the due process clause. *Abdul-Akbar v. Dep't of Corrections*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. (Del.) Mar. 31, 1997). Plaintiff offers nothing to support his claims that Defendants influenced the outcome of his disciplinary hearing, classification or employment status absent legitimate, penological interests. His assertions that newly added defendants are "directly responsible for arbitrary classification of plaintiff," are consistent with Defendants'

responses.

6.     Notwithstanding Defendants objected to the disclosure of Departmental Policy and Procedures Manuals, and Bureau of Prisons Policy and Procedures Manuals as protected by statute, to the extent rules and regulations are contained in the Inmate Reference Manual, they have been provided to Plaintiff. (D.I. 42). First, Delaware law has specifically protected from disclosure those items for which Plaintiff now seeks. (D.I. 42). Plaintiff makes a broad claim of "arbitrary and capricious" classification, and an even broader request for the disclosure of classification policies and procedures. Secondly, an inmate's classification is done by an Institutional Classification Committee or Team, not by the Defendants. Plaintiff is seeking privileged Departmental policies and procedures, perhaps to show that Defendants retaliated against him based on his "speaking out." Disclosure of privileged information protected under Delaware statutory law with nothing more than bald statements and not even a scintilla of evidence to demonstrate that Plaintiff has a constitutionally protected interest in either his prison classification or job status is contrary to the law.

7.     As previously mentioned, Defendants have responded to Plaintiff's discovery requests, and have objected where requests have been inappropriate as overly broad, unduly burdensome, privileged from disclosure and/or irrelevant to this action. Defendants continue to work, in good faith, to comply with the requirements of the rules. Defendants assert that for the reasons stated above, plaintiff's motion to compel and for sanctions requested on April 7, 2005 should be denied.

WHEREFORE, for the hereinabove reasons, Defendants respectfully request that this Honorable Court deny plaintiff's motion to sanction and compel discovery as

characterized in Docket Item 43.

                          **STATE OF DELAWARE**
                          **DEPARTMENT OF JUSTICE**

                          /s/ Ophelia M. Waters
                          Ophelia M. Waters, ID#3879
                          Deputy Attorney General
                          820 North French Street
                          Carvel State Bldg., 6th Floor
Dated: April 18, 2005            Wilmington, Delaware 19801
                          (302) 577-8400
                          ophelia.waters@state.de.us

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSE H. NICHOLSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-954-SLR |
| | ) | |
| THOMAS CARROLL, CARL HAZZARD, | ) | |
| BERNARD WILLIAMS, DEPARTMENT | ) | |
| OF CORRECTIONS, and ANTHONY | ) | |
| J. RENDINA, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

**AND NOW**, this _____ day of _____, 2005, the Court having considered plaintiff's motion to compel discovery and for sanctions against the state defendants', and defendants' opposition thereto, **IT IS ORDERED** that plaintiff's motion is denied.

_____
The Honorable Sue L. Robinson, Judge
United States District Court

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on April 18, 2005, she caused the attached

*Defendants' Reply In Opposition To Plaintiff's Motion To Compel and for Sanctions* to

be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jesse H. Nicholson, Jr.
SBI #133626
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

\_\_One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

\_\_Two true copies by Federal Express

\_\_Two true copies by hand delivery to each recipient

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us