IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,
　　Plaintiff,

v.                                                      C.A. No. 04-954-SLR

THOMAS CARROLL, et al.,
　　Defendants.

FILED APR 26 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

### PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO COMPEL AND SANCTION

COMES NOW, plaintiff, Jesse H. Nicholson, Jr., pursuant to Fed. R. Civ. P. 37, moves this Honorable Court for an Order to deny defendants' opposition to plaintiff's motion to compel and for sanctions for the following reasons:

1. On or about January 7, 2005, defendants filed a motion to dismiss/summary judgment, in which the court treated as one for summary judgment.

2. On January 15, 2005, plaintiff served his discovery request upon the defendants.

3. On or about February 14, 2005, defendants filed a motion for a protective order.

4. On February 21, 2005, plaintiff filed a motion to compel defendants discovery responses.

5. On March 4, 2005, this court denied defendants motion for a protective order, and order the defendants to respond to plaintiff's discovery request on or before April 1, 2005.

6. On April 1, 2005, defendants filed their incomplete, evasive, answers, and responses to plaintiff's discovery request.

7. On April 5, 2005. or thereabout, plaintiff filed his motion to compel and sanction the defendants for their failure to cooperate in discovery as prescribed by the rules of this court.

8. On April 18, 2005, defendants filed their motion opposing the plaintiff's motion to compel and sanction.

9. Foremost, Federal Rules of Civil Procedure, Rule 37(d) states in pertinent part: the failure to act as described in this subdivision may not be excused on the ground that the discovery

sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

It is apparent that the defendants do not have a motion for a protective order pending as provided by Rule 26(c), therefore, their objections are unjustified. Furthermore, this court has already denied the defendants motion for a protective order based on the same objections

Plaintiff's motion to compel and sanction the defendants for their failure to make disclosure and/or cooperate in discovery as prescribed by Fed. R. Civ. P. 26, sets forth the applicable standard and governing case law, in which the defendants cannot legally overcome. The defendants are simply attempting to reargue another motion for a protective order under a different label. Likewise, plaintiff should not be required to continually reargue or oppose futile and improper arguments or motions of the defendants.

10. It is equally apparent that the defendants are refusing to cooperate in the said discovery for no other reason than that the requested information will present genuine issues for trial. No rule of this court allows a party to object to a request on this ground alone.

Further, plaintiff is entitled to move to determine the sufficiency of the answers or objections to his admissions. Under Rule 36 "an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." A careful examination of defendants responses to plaintiff's admissions, the court will find that the defendants responses to the said admissions does not comply with the requirements of this rule.

11. To the extent that the defendants are attempting to raise arguments, e.g., that the documents plaintiff seeks, such as the

4

departments policies and procedures governing the suspension and termination of inmate jobs; classification regulations; segregation regulations; and the Correctional Code of Penal Discipline, have no bearing on plaintiff's First & Fourteenth Amendment claims is factually and legally incorrect. This is nothing but another ploy of the defendants to make arguments in support of their motion for summary judgment, without plaintiff procuring the said discovery that he is entitled to. Plaintiff reserves his right to dispute these contentions of the defendants when further briefing on the summary judgment motion is ripe.

12. Furthermore, the defendants are attempting to present fraudulent information to this court and the court by all accounts should sanction the defendants attorney for this deception. In paragraph six (6) of their motion opposing plaintiff's motion to compel and sanction, the defendants attorney intentionally fabricates the statement that plaintiff has been provided

with the rules and regulations contained in the Inmate Reference Manual. Plaintiff submitted a sworn affidavit appended to his motion to compel and sanction the defendants, that he has not been provided with the rules and regulations contained in the Inmate Reference Manual, nor has he been provided with any other relevant regulations, policies, or documents which is the subject of his discovery requests referred to in his affidavit.

13. Additionally, the defendants make reference to a previous case and attempt to equate that case with the present case. In short, the two cases are factually different. The instant case involves the denial of plaintiff's due process clause right to an impartial hearing officer, underlying a prison disciplinary hearing, and the retaliation and conspiracy among certain prison officials, because plaintiff spoke up and denounced a illegal disciplinary hearing; wrote letters complaining of misconduct of a defendant in this case; and filed