IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,  )
    Plaintiff,  )
    )
v.  )  C.A. No. 04-0954-SLR
    )
THOMAS CARROLL, et al.,  )
    Defendants.  )

FILED
JUN 16 2005

PLAINTIFF'S RENEWED MEMORANDUM OF LAW OPPOSING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. Background

The following summarized facts are as alleged in plaintiff's verified complaints:

On April 28, 2004, defendant Williams' deprived plaintiff of his federal due process guaranteed right to an impartial decision maker, underlying a prison disciplinary hearing, because he conducted the disciplinary hearing where he was directly involved in the preparation of the charges underlying the said hearing. See Nicholson's affidavit at Exhibit A.

On August 27, 2004, defendants Rendina conspired with defendant Williams in denying

plaintiff his federal due process guarantee to an impartial decision maker, underlying a prison disciplinary hearing, when he affirmed the disciplinary appeal. See Exhibit B.

The disciplinary charges in disciplinary reports No. 1009075 and 1009266 were fabricated and initiated in contravention of the Delaware Correctional Center's Correction Code of Penal Discipline.

As the result of plaintiff writing letters, filing a grievance, and speaking up in denouncing the illegal disciplinary hearing conducted by defendant Williams' on April 28, 2004, plaintiff was retaliated against. This retaliatory motive was the direct cause of plaintiff's placement in solitary confinement; transfer and classification to Maximum Security and being segregated from the prison's general population since April 28, 2004 to date; and the lost of plaintiff's job and approximately $200 of allowable personal property.

II. Standard of Review

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). "Facts that could alter the outcome are 'material,' and disputes are genuine if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995). If the moving party has demonstrated an absence of material fact, the nonmoving party then

"must come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." <u>Pa. Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d. Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See <u>Anderson v. Liberty Lobby, Inc</u>, 477 U.S. 242 (1986).

    From the discussion below, it will be shown that the defendants' have not carried their burden of proving that no genuine issues of material facts exists or in the alternative, it will be shown that plaintiff has demonstrated specific facts showing that there are genuine

4