issues for trial.

III. Due Process Claims

   A. Right to Impartial Hearing Officer

To guard against arbitrary decision making in a prison disciplinary hearing, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing. The due process requirement of an impartial decision maker is applied more strictly in administrative proceedings because of the absence of procedural safeguards normally available in judicial proceedings. Thus, a fair and impartial tribunal, whether a court or administrative agency, is a basic requirement of due process. <u>Withrow v. Larkin</u>, 421 U.S. 35 (1955); <u>Gibson v. Berryhill</u>, 411 U.S. 564 (1923). To establish a procedure due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest

created either by state law or the Due Process Clause itself. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Plaintiff's procedural due process right is triggered by a deprivation of a legally cognizable liberty interest, therefore, plaintiff's federal guaranteed right to an impartial decision maker, underlying a prison disciplinary hearing, gives rise to protection by the Due Process Clause of its own force. See Constitutional Amendments 5 + 14. Accordingly, Sandin does not foreclose plaintiff's federal due process guarantee to an impartial hearing officer.

Like the federal due process guarantee, the Delaware Correctional Centers Correction Code of Penal Discipline provides plaintiff with the right to be heard by an impartial hearing officer, who shall not have witnessed the incident in question, have been involved in preparation of the charge, or otherwise biased against the plaintiff. It is undisputed

that defendant Williams was directly involved with the preparation of the disciplinary charges underlying the disciplinary hearing in question. More importantly, it is conceded by the defendants that defendant Williams falsified and fabricated the disciplinary charges in report #1009075. See page 13, paragraph 1, which states in pertinent part: defendants summary judgment motion;

> Defendants contend justifiably any reasonable person confronted with a candid written admission that the writer's cellmate had no knowledge or responsibility for the contraband found in their assigned cell <u>may infer</u> that the contraband belonged to the individual writing the letter.

Therefore, during the course of conducting a disciplinary hearing on April 20, 2004, against Nathaniel Anderson, for the contraband in question, defendant Williams arbitrarily concluded that the contraband belonged to plaintiff because he wrote a letter stating that the contraband was not Mr. Anderson's.

7

The evidence is undisputed that defendant Williams' was directly involved with the preparation of the said disciplinary charges underlying the disciplinary hearing in question. Furthermore, since defendant Williams admitted his direct involvement in the disciplinary charges underlying the disciplinary hearing in question, is fatal to the defendants' claim that plaintiff was not deprived of his federal guaranteed right to an impartial hearing officer.

Pursuant to Fed. R. Civ. P. 36(b), any matter admitted under this rule is conclusively established. The defendants' answer to plaintiff's First set of Admissions #1, clearly indicates defendant Williams direct involvement in the disciplinary charges that he conducted a hearing upon.

As the result of plaintiff writing letters and filing a grievance complaining about the arbitrary actions of defendant Williams', stated above, a conspiracy ensued among certain prison officials to retaliate against the plaintiff,

8

as described below, for exercising his First Amendment Right in speaking up and denouncing the arbitrary action of defendant Williams.

B. Solitary Confinement

The Due Process Clause requires that prior to the imposition of solitary confinement, an inmate must at least be given notice of the charges against him and an opportunity to tell his side of the story to those making the decision to place him in solitary confinement. Johnson v. Anderson, 370 F. Supp. 1373 (D. Del. 1974); Pitts v. Kee, 511 F. Supp. 497 (D. Del. 1981); Fridge v. Dixon, C.A. No. 83-193-LON (D. Del. January 30, 1985)(Order adopting report and recommendation dated November 13, 1984). In this case, defendant Hazzard placed plaintiff in solitary confinement per order of defendant Carroll. See Nicholson's Affidavit at Exhibit A, paragraph six, without given plaintiff fair notice of any alleged disciplinary charges against him, or a fair opportunity to rebut the decision to change his status.