Similar to the cases in <u>Johnson</u>, <u>Pitts</u>, and <u>Fridge</u>, plaintiff was placed in solitary confinement and held there for fifteen days, as if he had been sentenced to solitary confinement for a major violation of the institution's disciplinary rules. This sentence pursuant to the Delaware Correctional Center's Correctional Code of Penal Discipline, could not have exceeded fifteen days.

This law remained clearly established after the decision in <u>Sandin v. Conner</u>, which generally altered due process analysis in prison cases. First, <u>Sandin</u> did not place <u>Johnson</u>, <u>Pitts</u>, or <u>Fridge</u> in any reasonable doubt because it reaffirmed the due process principles on which <u>Johnson</u>, <u>Pitts</u>, and <u>Fridge</u> rested ("grievous loss" analysis combined with a state law-based entitlement). Second, <u>Sandin</u> did not dispense with statutory or regulatory-based entitlements, it just required atypical or significant deprivations in addition. It simply held that the regulation at issue in that case did not

show an atypical or significant deprivation. The Court specifically recognized that states can create liberty interest protected under the Due Process Clause by statute, regulation, or policy, when loss of those interests would constitute a grievous deprivation. Sandin, 515 U.S. at 483-84 (1995). Therefore, plaintiff's averments that he was assaulted and placed in solitary confinement, based on fabricated and falsified disciplinary charges, in retaliation for reporting misconduct of defendant Williams, and speaking up and denouncing a illegal disciplinary hearing conducted by defendant Williams, should survive summary judgment.

Placement in solitary confinement based on such a retaliatory motive, as opposed to legitimate penological interests, is an atypical and significant hardship. It is not an ordinary incident of prison life for a person claiming to be the victim of an assault by a prison officer, to be thrown in solitary

4

confinement, for no reason other than the fact he spoke up and denounced an illegal disciplinary hearing, because the hearing officer himself was substantially and directly involved in the preparation of the fabricated and falsified disciplinary charges underlying the said hearing. Due process demands some legitimate justification for putting plaintiff in Isolation or Solitary Confinement. Therefore the "Due Process Clause requires fundamental fairness whenever there may be a substantial deprivation, regardless of the label used to characterize the contemplated action." See Pitts v. Kee.

   The defendants' have failed to perform their constitutional duty in providing plaintiff with notice of any disciplinary charges against him before he spent fifthteen days in solitary confinement. Plaintiff directs this court to take Judicial Notice that the defendants admit this fact. See defendants answer to plaintiff's admissions # 6. Again, pursuant to Fed. R. Civ. P. 36(b), any matter admitted

12

under this rule is conclusively established. Therefore, the defendants admission that they did not inform him of the disciplinary charges brought against him until 3 days after he spent fifteen (15) days in solitary confinement, should be fatal to any counter claim of defendants.

This Court in <u>Fridge v. Dixon</u> found that a liberty interest is created by the Delaware Correctional Center's Correctional Code of Penal Discipline, rules promulgated by the Department of Correction pursuant to its authority granted by Title 11 Del. C. § 6535. Section 300.001 of the Penal Code states in pertinent part: Notice and hearing before a Hearing Officer, as set forth in this procedure, shall be provided prior to the imposition of any sanction as defined herein against an inmate for the violation of a rule of this institution; section 300.210 of the Penal Code state in pertinent part: sanctions which may be imposed for a major offense shall be restricted to: (d) Isolated confinement for a period of time not to exceed 15 days; section

300.220 of the Penal Code states in pertinent part: a disciplinary report shall include (g) the signature of the reporting officer; and section 330.233 of the Penal Code states: until the hearing, the inmate is entitled to remain in his existing status, unless he becomes a sufficient threat to other inmates, staff members or himself to warrant pre-hearing detention.

These rules were promulgated in part, to prevent the arbitrary or retaliatory conduct of correctional employees, in accusing inmates of violating disciplinary rules, such as the facts and incidents described herein. Thus, judicial review includes action taken pursuant to an agency's regulations, validly promulgated regulations have the force of law. Griffin v. Harris, 571 F.2d 767, 772 (3d Cir. 1998). Moreover, the agency itself is bound by its own regulations. U.S. v. Nixon, 418 U.S. 683, 695-96 (1974). Failure on the part of an agency to act in compliance with its own regulations is fatal to such action.

14