<u>Kelly v. Railroad Retirement Board</u>, 625 F.2d 486, 492 (3d Cir. 1980); such actions are not in accordance with law. Therefore the court must have power in a proper proceeding to grant relief, otherwise the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law and is in violation of the rights of the individual.

On the other hand, neither this court, nor others to which a similar issue has been presented, has evidenced hesitations in directing an agency to comply with its own regulations where it has been shown that a regulation was not followed, and there has been a prima facie showing that a person has been prejudiced thereby. The problem is only one aspect of the broader rule that when an agency has established rules to govern its own conduct it will be held to the self imposed limitations on its own authority, departure from which denies

procedural due process of law. This is especially true since a prisoner has a right to insure that he is being disciplined in compliance with the agency's regulations; in this case, the Delaware Correctional Centers Correctional Code of Penal Discipline was designed to protect plaintiff and is binding on the senior officers or officials.

On May 15, 2004, when plaintiff was served with notice of the "falsified and fabricated" disciplinary charges in disciplinary report #1009266, in reference to plaintiff's arbitrary placement in solitary confinement, was nothing more than an attempt to convey the appearence that the mandatory procedures were followed as prescribed by the Penal Code. The submittance of this disciplinary report was procedurally flawed even assuming that the charges were not fabricated is undisputed. Once again, by the defendants own admission, plaintiff was served with notice of the disciplinary charges regarding his placement in solitary or isolation confinement, 3 days after he spent 15 days in solitary confinement. Furthermore,

16

defendant Williams could not have executed the said disciplinary report on May 15, 2004, which explains why the disciplinary report did not bear his signature as prescribed by the Penal Code, stated above. See Nicholson's Affidavit at page 6, paragraph 7. Also, this explains why the defendants' refused to admit or deny plaintiff's First Set of Admissions #7. Again, plaintiff direct this court to take Judicial Notice that the defendants' have failed to permit inspection of the Penal Code and administrative segregation regulations that demonstrates that the defendants violated plaintiff's due process procedure rights, and that defendant Carroll approved plaintiff's placement in solitary confinement. This failure to permit inspection was done despite of this Court denying defendants motion for a protective order, whereby the court ordered the defendants' to permit inspection of the documents and regulations set forth in plaintiff's Request for Production. Accordingly, all issues raised by plaintiff where the defendants

17

have refused to permit inspection should be resolved against them. Consequently, the defendants have failed to establish that no material facts exist that plaintiff was denied his federal due process guaranteed right to an impartial hearing officer, underlying a prison disciplinary hearing, and that he was denied his procedure due process right in not receiving notice of any disciplinary charges regarding his placement in solitary or Isolation confinement, as set forth above.

    Accordingly, on the one hand, the defendants attempt to convey that the now discretionary rules of the Penal Code were followed in this case, but have refused to provide inspection of the code which demonstrates to the contrary, i.e., that defendant Williams had no authority to order another officer to initiate disciplinary charges against the plaintiff in disciplinary report #100975, as set forth above and in plaintiff's affidavit. More importantly, the evidence is of such that a rational

18

trier of fact could conclude that plaintiff's federal guaranteed right to an impartial hearing officer was violated, along with his procedural safeguards required by the Due Process Clause, in not being informed of any charges against him when he was kept in solitary or Isolation confinement for 15 days. This evidence is probative, especially when the court factors in the fact that defendant Williams conceded to falsifying and fabricating the disciplinary charges in report #100975. Likewise, a rational trier of fact could conclude that the disciplinary charges were fabricated in disciplinary report #100926, since the report itself disputes and/or refutes the alleged facts, and where the arbitrary acts described herein of defendant Williams is the direct result of his falsified and fabricated statements. Finally, a rational trier could conclude that a conspiracy ensued when defendant Williams did not report to work at the Delaware correctional center on May 15, 2004, where

19