it is alleged that defendant Williams executed the disciplinary report #1009266 and was served upon plaintiff on that date.

   C. Job, Goodtime, and Property Interest

Plaintiff believes that the prison regulation #1135, Inmate Employment + Compensation, which was arbitrarily confiscated by the prison's Law Library Paralegal, entitled him to the continue participation at his job. Even assuming <u>arguendo</u> that plaintiff has no Liberty Interest in keeping a prison job, earning good time credits to reduce his sentence, or a property interest, nevertheless, he still can recover damages from the lost of his job, ability to earn goodtime credits, and the lost or arbitrary disposal of his allowable property as an element of his First Amendment Retaliation claims. See <u>DeWalt v. Carter</u>, 224 F.3d 607 (7th Cir. 2000).

   IV. First Amendment Claims

   A. Falsifying and Fabricating Misconduct Reports

Prison disciplinary proceedings may, however,

20

constitute a denial of due process in the context of a civil rights action under §1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right. In <u>Allah v. Seiverling</u>, 229 F.3d 220 (3d Cir. 2000) the court stated:

> <u>Sandin</u> instructs that placement in administrative confinement will generally not create a liberty interest. Retaliation may be actionable, however, even when the retaliatory action does not involve a liberty interest. Government actions, which standing alone do not violate the constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. <u>Seiverling</u>, 229 F.3d at 224. [quoting <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 386 (6th Cir. 1999)(en banc)].

The Third Circuit has previously held that falsifying misconduct reports in retaliation for an inmate's resort to legal process is a violation of the First Amendment guarantee of access to the courts. See <u>Milhouse v. Carlson</u>, 652 F.2d 371

21

374 (3d Cir. 1981). In Milhouse, the inmate alleged that prison officials retaliated against him by fabricating misconduct charges in response to his civil rights suit against the prison officials. The court concluded that "such allegations, if proven at trial, would establish an infringement of Milhouse's first amendment right of access to the courts." Milhouse, 652 F.2d at 374.

Although Milhouse also involved an allegation that prison officials fabricated misconduct charges, that case is analogus to the instant case because the conduct in Milhouse implicated First Amendment Constitutional Rights to petition for redress of grievances. Plaintiff's claims that prison officials falsified and fabricated disciplinary charges in retaliation against him, in response to writing letters to prison officials and filing a grievance complaining of misconduct of defendant Williams, and speaking up and denouncing an illegal disciplinary hearing conducted by defendants Williams, indisputably implicates First Amendment Constitutional violations. See Babcock v. White, 102 F.3d 267

22

(7th Cir 1996) [a prisoner could survive summary judgment on his claim that prison officials retaliated against him for use of the inmate grievance system).

B. Retaliatory Transfer and Classification

A prisoner alleging that prison officials have retaliated against him for exercising his constitutional rights must prove 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and 3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001) (quoting <u>Allah</u>, 229 F.3d at 225); and adopting <u>Mount Healthy Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).

Once a prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that it "would have made the same decision absent

13

the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334 (incorporating Turner v. Safley, 482 U.S. 78, 89 (1987).

As the Court of Appeals for the Third Circuit has previously held, "once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to legitimate penological interest." Rauser, 241 F.3d at 334 (emphasis added). In analyzing plaintiff's claims and the evidence under the established First Amendment Law, the Court cannot say that the defendants decision to segregate plaintiff and discipline him for alleged violations of prison rules was within the "broad discretion" that the Court must afford them. Thornburgh v. Abbott, 490 U.S. 401, 423 (1989).

First and foremost, transferring plaintiff to solitary confinement and classifying him to maximum Security (SHU) based on the issuance

24