as prescribed by the classification regulations and procedures.

On January 24, 2005 or thereabout, when the MDT recommended that plaintiff be classified to Medium-High Security, instead of Medium Security (the general prison population), it did so without stating any reasons to justify its position, because plaintiff's risk assessment score warranted his placement in the general prison population (Medium Security). See Exhibit F attached hereto. Likewise, on February 7, 2005, the IBCC approved the MDT's recommendation without explanation. See Exhibit G attached hereto. Plaintiff then submitted his classification appeal, see Exhibit H attached hereto, which was denied by the IBCC on May 17, 2005. See Exhibit I attached hereto. The IBCC in denying plaintiff's classification appeal advanced a reason of "poor institutional adjustment," a rationale not advance by the MDT and

3C

the IBCC when the IBCC approved the MDT's recommendation on February 7, 2005. Nor have the defendants presented any credible evidence to support this contention. The classification appeal denial also inaccurately states that plaintiff was appropriately classified to medium security, and housed in building 22 or 23. First of all, medium security is divided up to two levels, medium and medium-high. Medium security is a part of the general prison population, whereas medium-high security is segregated units away or apart from the general prison population, buildings 22 and 23. The risk assessment scale for medium security is from 9-13 and for medium-high it is from 14-16. It is this evidence also that the defendants are attempting to conceal. Again, plaintiff request this court to take Judicial Notice that the MDT and IBCC defendants have not provided answers to plaintiff's Interrogatories, Admissions, and Production of Documents, directed

31

to them and as ordered by this Court. As mentioned above, judicial review includes action taken by the Delaware Department of Corrections (DOC) validly promulgated regulations, which have the force of law. ID. Griffin, 571 F.2d at 767, 772 (3d Cir. 1998).

Plaintiff's transfer and classifications concerning this cause of action were nothing more than a sham, and was action that was taken based on a retaliatory motive. The actual evidence considered and that a reasoned judgment was made is absent, but only boilerplate language and form decisions were utilized. A defendant who fails to meet his or her burden of production after the prima facie case has been made cannot hope to prevail on summary judgment.

Nevertheless, in viewing the evidence as a whole in the light most favorable to the plaintiff, a reasonable jury could determine that plaintiff's protected conduct was a motivating

32

factor in the DOC's decision to transfer him, classify him to Maximum Security, take his job, deny him the opportunity to earn good time credits to reduce his sentence and taking his allowable personal property. Therefore, genuine issues of material facts exist that the stated reasons for the action to transfer plaintiff to solitary or Isolation confinement, and classify him to Maximum and Medium High Security was a pretext.

Consequently, plaintiff's allegations that he was falsely charged with misconduct charges, transferred to solitary confinement, classified to Maximum and Medium High Security, in response for writing letters to prison officials and filing a grievance complaining about misconduct of defendant Williams, and speaking up in denouncing a illegal disciplinary hearing conducted by defendant Williams, implicates conduct protected by the First Amendment. See Rauser, 241 F.3d 330 (3rd Cir. 2001); Smith v.

Mensinger, 293 F.3d 641, 653 (3d Cir. 2002).

As the result of plaintiff's retaliatory transfer and classification to Maximum Security, his allowable personal property was lost or arbitrarily disposed of due to the impropriety of the prison's property room staff. See Nicholson's affidavit at paragraph 9. Since May, 2004, plaintiff has sought to obtain and/or be reimbursed for his property. Plaintiff even tried to compromise with the prison by requesting for permission to re-purchase a few of the allowable items at his own expense. To date, prison officials/officers have outright refused to respond to plaintiff, concerning the status of his property. Furthermore, the prison's grievance committee has refused to hear plaintiff's grievance regarding his allowable/personal property. See Exhibit J attached hereto.

VI. Privacy Act Claims

The Privacy Act only applies to records of individual citizens of the United States or an

34