alien lawfully admitted for permanent residence. 5 U.S.C. §552a(a)(2); U.S.C. §552a(g)(1). Therefore, plaintiff is an "individual" and therefore do not lack standing to raise a claim under the Privacy Act. Cell Associates v. National Institutes, etc, 579 F.2d 1155, 1157 (9th Cir. 1978). Plaintiff incorporates by reference the Privacy Act assertions set forth in the original complaint and in his first memorandum of law opposing the defendants motion to dismiss/summary judgment.

## VI. Civil Conspiracy

In order to prevail on a conspiracy claim under §1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right. Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238 (3d Cir. 1999). Further, to state a cause of action for civil conspiracy, a plaintiff is required to allege (1) combination of two or more persons acting with a common purpose to do an illegal act, or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt

35

act done in pursuance of the common purpose, and (3) actual legal damage.

With that said, plaintiff's complaint set forth specific facts such as meetings, conferences, and signatures on written recommendations to indicate a conspiracy in the furtherance of a common scheme to deny plaintiff his federal guaranteed right to an impartial hearing officer, and to retaliate against him for exercising his First Amendment Rights, whereby he suffered damages as a result.

First, the evidence is undisputed that defendant Rendina acquiesced in the violation of plaintiff's federal due process guaranteed right to an impartial hearing officer, underlying a prison disciplinary hearing. The impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing. Plaintiff's disciplinary appeal sufficiently state facts of defendant Williams' direct involvement in the preparation of the

charges underlying the said disciplinary hearing. Further, defendant Williams admits his direct involvement in preparation of the charges, and concede to falsifying and fabricating the charges. See plaintiff's disciplinary appeal at Exhibit M of the defendants motion for summary judgment. When defendant Rendina affirmed the disciplinary hearing, report # 1009075, he completely ignored the impartial hearing officer issue. Therefore, the evidence is such that a reasonable jury or a trier of fact could conclude that defendant Rendina conspired with defendant Williams in denying plaintiff his federal procedure due process protection to an impartial decision maker. See Disciplinary Appeal decision at Exhibit B attached hereto.

    Secondly, evidence of a conspiracy exist when plaintiff was served with notice of a disciplinary report, # 1009266, allegedly executed by defendant Williams on May 15, 2004, when defendant Williams did report to work on that date. Further evidence is when another

Hearing officer found plaintiff guilty of the fabricated charges, when the said disciplinary report was indisputably executed and decided in violation of the Penal Code as set forth above in part III.

Third, other evidence of a conspiracy includes, i.e., falsified records or reports. Specifically, the incident report, Exhibit I, appended to the defendants motion for summary judgment, is not an accurate account of the events. See Nicholson's Affidavit. Notably, the report is void of any signatures as prescribed by the Penal Code, and the date the report was allegedly executed has been truncated. Likewise, the allege incident report executed by defendant Williams has identical deficiencies. See defendants responses to plaintiff's request for production.

Lastly, the fraudently appearence of the allege disciplinary report, #1011939, denoted a conspiracy to keep plaintiff segregated in Maximum Security. See Nicholson's affidavit at paragraph 8.

### A. Failure to Act or Intervene

Failure to discipline subordinates whose

38

behavior may violate constitutional rights of inmates does not immune a prison official/officer from §1983 liability. It is undisputed that plaintiff presented the misconduct of defendant Williams that resulted in the violation of his federal due process protection to an impartial hearing officer, underlying a prison disciplinary hearing. It is also clear that this failure to intervene has enable a "culture" to transcend or flourish, where the conduct of prison officials behavior that violates the constitutional rights of inmates is covered up.

Thus, "the fact that rank does not shield an officer from §1983 liability for failure to intervene to stop the violation of an inmate's constitutional rights by another officer does not mean that a fact finder must ignore the even greater dereliction of duty that occurs when a supervisor tolerates such misconduct; rather, a fact finder may conclude that the conduct of a supervisor who fails to intervene is even more reprehensible and blameworthy than that of a more junior officer."

39