EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JESSE H. NICHOLSON, JR.,
    Plaintiff,

v.

THOMAS CARROLL, et al.,
    Defendants.

C. A. No. 04-954-SLR

AFFIDAVIT OF JESSE H. NICHOLSON, JR.

(STATE OF DELAWARE)  ss:
(NEW CASTLE COUNTY)

I, Jesse H. Nicholson, Jr., having been duly sworn, according to law, depose and state the following:

1. That this affidavit is based on personal knowledge.

2. On April 8, 2004, C/O John D. Loventry conducted a cell search of my cell. I was present at all times during the search. During the search C/O Loventry found a pipe taped to the back of a drawer, that my cellmate,

Nathaniel Anderson, used to store his personal property in. When C/o Coventry found the pipe, he immediately asked your affiant and Mr. Anderson which one of us worked in the prison's wood shop, because he believed the pipe was made there. Mr. Anderson replied by stating that he works at the prison woodshop. At that point, C/o Coventry asked us both who the pipe belong to. Myself and Mr. Anderson denied ownership of the pipe, and both of us stated we never seen the pipe before. Shortly thereafter, I proceeded to the shower. During the course of taking a shower, C/o Coventry came to the shower and again asked your affiant was the pipe his. I again replied no. After I finished taking a shower, I learned that C/o Coventry had prepared a disciplinary report against Mr. Anderson for the pipe. Furthermore, there is a custom and practice at the Delaware Correctional Center, when contraband is found during a

cell search, and neither cellmate claims ownership, both inmates are to receive disciplinary write-ups. If C/O Coventry believed your affiant was involved with the said contraband, it was his sole responsibility to initiate disciplinary charges against your affiant.

3. On April 20, 2004, defendant Williams' conducted a disciplinary hearing regarding the pipe contraband charge against Mr. Anderson. See Exhibit C attached to defendants' motion for summary judgment. As indicated by the disciplinary hearing decision, defendant Williams found Mr. Anderson not guilty of the charges. However, defendant Williams makes reference to a falsified and fabricated statement, see Inmate Statement portion of this exhibit. At no time did your affiant claim ownership of the said contraband.

4. On April 22, 2004, defendant Williams' falsified and fabricated the statements in the disciplinary report # 1009075. I did not

3

at any time admit verbally or in writing that the said contraband was in fact mine. Based on this fabricated information, defendant Williams order Sgt. Macciarellia to execute disciplinary charges against your affiant, in an attempt to conceal his direct involvement in preparation of the said fabricated charges.

    5. Sgt. Macciarellia did not witness any aspect surrounding the events alleged in the disciplinary report above in paragraph # 4, nor was he in the presence of myself, together with defendant Williams' during any aspect related to this cause of action.

    6. On April 28, 2004, your affiant was arbitrarily placed in solitary confinement by defendant Hazzard, per order of defendant Carroll. Any time an inmate at that the Delaware Correctional Center is administratively transferred to solitary confinement, the custom, practice and/or regulations require that the warden must approve such transfers. The administrative transfer order attached as

4.

exhibit K and L, is not as it was on April 28, 2004. First of all, the document was a one page document. The defendants present it as if the document was two pages. When the document was presented to the plaintiff, the document stated <u>only</u> that I was being administratively transferred to pre-hearing detention, by defendant Hazzard, per order of the warden, defendant Carroll. No listing of any allege disciplinary charges were present. Your affiant was not afforded a fair opportunity to tell his side of the story. While your affiant began to make his statement, he was abruptly stopped by prison officers from completing his statement as indicated by exhibit L of the defendants motion for summary judgment. I was denied this opportunity in an effort of the prison officers attempt to cover-up defendant Williams arbitrary conduct. Additionally, the administrative transfer order was signed by an unknown prison officer/official out of my

5