IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS CARROLL, CARL HAZZARD, )<br>BERNARD WILLIAMS, DEPARTMENT )<br>OF CORRECTIONS, ANTHONY )<br>J. RENDINA, DEPUTY WARDEN DAVID )<br>PIERCE, M. SCOTT, EVELYN )<br>STEVENSON, JOHN/JANE DOE #1, and )<br>JOHN/JANE DOE #2, )<br>   Defendants. ) | C.A. No. 04-954-SLR |

**STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the State Defendants, by and through counsel, and hereby reply to Plaintiff's answer in opposition to summary judgment (hereinafter "Opposition") as follows:

1.    The Delaware Correctional Center permits each inmate access to the Inmate Reference Manual to use whenever the need arises. The Manual informs the inmates concerning the institutional rules, regulations and treatment services at DCC. As part of the Manual, there exists a Correction Code of Penal Discipline which purpose is to establish a system of penal discipline defining inappropriate conduct and prescribing sanctions for that conduct. Plaintiff has access to and has been provided with a copy of this manual with its attachments. In addition, The Code of Penal Discipline has been provided to Plaintiff. See *Nicholson v. Snyder*, C.A. No. 03-4310 at *6, *Per Curiam* Opinion, (3d. Cir. May 18, 2004), see also, Discovery Response, D.I. 42 at ¶ 1. Plaintiff's due process claim as it relates to the disciplinary hearing officer's participation is without merit. (D.I. 2; 6; and 37).

Moreover, Plaintiff has failed to set forth specific evidence showing that a Delaware statute or DCC rules and regulations afford him a constitutionally protected liberty interest. Plaintiff has no greater right to a disciplinary hearing different than that which he was provided. Notwithstanding prison rules and regulations outline the purposes and objectives of the Penal Code as it relates to prisoner discipline there is no genuine issue for trial.

2. Primarily, Plaintiff's factual allegations that he was (1) denied an impartial hearing officer, (2) denied notice of the disciplinary charges, and an opportunity to rebut the charge, (3) denied inspection of the penal code, (4) arbitrarily placed on solitary confinement without fair notice, and (5) wrongfully terminated from his prison job, thus depriving his ability to earn good time credits are merely bald assertions with no supporting evidence. Although Plaintiff offers his self-serving affidavit with his Opposition, he does not present a material factual dispute. Instead Plaintiff merely recites the allegations of his complaint failing to demonstrate that his claims rise to the level of a constitutional violation. To the contrary, the pleadings and affidavits show that Plaintiff was provided with a notice and an opportunity to present his side of the story before being placed in isolation. (D.I. 18). Plaintiff was administratively transferred as a result of his disorderly and threatening behavior during the April 28, 2005 disciplinary hearing. Upon Plaintiff's transfer, he received notice of the new charges, yet he refused to participate in the disciplinary process afforded him. (See D.I. 42).This is all that due process requires. In addition, the rules of discipline procedures are promulgated pursuant to 11 *Del. C.* § 6535, yet they do not have the force of law. As existing factual discrepancies are not significantly probative of Plaintiff's claim, Defendants analysis of the case and argument are acceptable as true and appropriate.

3. Plaintiff is well aware that he has no liberty or property interest in his prison job because

he could accrue good time benefits through his prison employment. Just recently, the Third Circuit Court of Appeals made this point clear when it dismissed Plaintiff's identical claim that he had a liberty interest in his prison job because his employment entitled him to earn good time credits. *Nicholson v. Snyder*, *et al.*, *supra*, at *7. Therein, the Third Circuit addressing Plaintiff's due process claim regarding his prison job stated "[w]e have held that the expectation of keeping a prison job does not amount to a property or liberty interest entitled to protection under the due process clause." *Id.* (citing to *Bryan v.* Werner, 516 F.2d 233, 240 (3d Cir. 1975). There is no genuine issue of material fact and the moving party is entitled to dismissal as a matter of law.

4.   As to Plaintiff's concerns regarding classification (Complaint at 10-16), 11 Del. C. § 6529 controls.  Specifically, paragraph (e) which reads: "Nothing in this chapter shall be construed to require the Department to institute or maintain any system of classification of convicted persons for the purpose of assignment to institutions or housing units within institutions." 11 Del. C. § 6529(e). Moreover, the Supreme Court has established that placement of inmates within the prison system was among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the...court." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The record at bar supports that Plaintiff's transfer to more restrictive quarters was well within the terms of confinement ordinarily contemplated by his prison sentence, and no liberty interest is implicated. *See Hewitt v. Helms*, 459 U.S. 460, 468.  Thus Plaintiff does not have a constitutionally protected liberty interest in remaining in a particular level or classification of custody. *Id*. at 466-467. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the due process clause does not in itself

subject an inmate to treatment by prison authorities to judicial oversight." *Id* at 468.

5.      Plaintiff no where has established that Delaware statute or regulation created a constitutionally protected interest in an inmate's classification status. As he concedes, a prisoner's due process rights are triggered only when he is subjected to punishment that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *and see*, *Abdul-Akbar v. Department of Correction*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir.1997). Given Plaintiff's concession, the pleadings, affidavits, and other documents do not present facts to support an inference that members of the Multi-disciplinary team "MDT" Defendants Pierce or Scott, the Institutional Classification Board "ICB", or the IBCC chairperson Defendant Stevenson based Plaintiff's classification decision on arbitrary and constitutionally impermissible criteria. *See Jordan v. Keve*, 387 F. Supp. 765 (D. Del.1974). Therefore, Plaintiff's amended complaint to add these additional defendants also lacks merit.

5.      This statute creates no liberty interest in a prisoner's classification or placement within an institution. Because Plaintiff has no legal claim to any particular classification or placement within the Department of Correction or any of its institutions, and because Plaintiff fails to plead an "atypical or significant hardship", dismissal of Plaintiff's claims to any specific placement within the Department of Correction, segregation from sentenced inmates, or segregation from a particular inmate, is appropriate.

6.      As to plaintiff's allegations Defendants have engaged in a retaliatory transfer against him because he wrote letters to prison officials and complained about official misconduct. (Complaint, *passim*). Plaintiff has made claims of retaliation a recurring theme of his section 1983 lawsuits. It is evident, Plaintiff is aware of the factors necessary to establish a claim of

retaliation. He must prove that the conduct that led to alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of prison officials, and that exercise of the constitutional right was a substantial or motivating factor in the challenged action. *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). Plaintiff's administrative transfer was immediate, prior to any letter writing For the sake of argument, even if Plaintiff has met the initial burden set forth in *Rauser* regarding retaliatory administrative segregation, Defendants have shown that the decision to transfer was made for reasons related to legitimate considerations of institutional security and safety. During a disciplinary hearing on charges Plaintiff possessed contraband in his cell, i.e. a smoke pipe he became disorderly and threatening with the hearing officer. D.I. 17. In an effort to destroy evidence, Plaintiff disobeyed direct orders and scuffled with the officer. *Id*. Given the seriousness of Plaintiff's behavior aforementioned, the classification team convened and recommended re-classification to a more restrictive security area. *Id*. Plaintiff has not presented any evidence to support his contention that Defendants' conduct resulted from his filing this lawsuit in August 2004.

5.     Lastly, Plaintiff's claim that he has a cause of action pursuant to 5 U.S.C. § 552 is meritless. Freedom of information Act generally provides for mandatory disclosure of information held by federal agencies, unless requested material is exempt. 5 U.S.C. § 552. Plaintiff's bald assertions that his prison documents were fabricated and falsified do not raise a claim pursuant to the Federal FOIA.

6.     Wherefore, for the reasons stated herein as well as those stated in their Opening Motion and Supporting Memorandum of Points and Authorities, Defendants respectfully request this Honorable Court grant summary judgment in their favor.

                                                **STATE OF DELAWARE**
                                                **DEPARTMENT OF JUSTICE**

|  |  |
|---|---|
| | /s/ Ophelia M. Waters |
| | Ophelia M. Waters, ID 3879 |
| | Deputy Attorney General |
| | 820 North French Street, 6th Floor |
| | Wilmington, Delaware 19801 |
| Dated: July 5, 2005 | (302) 577-8400 |
| | Ophelia.waters@state.de.us |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-954-SLR |
| | ) |
| THOMAS CARROLL, CARL HAZZARD, | ) |
| BERNARD WILLIAMS, DEPARTMENT | ) |
| OF CORRECTIONS, and ANTHONY | ) |
| J. RENDINA, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

AND NOW, this _____ day of _____, 2005, the Motion for Summary Judgment filed by the State Defendants in the above-captioned matter having been duly considered, and any opposition thereto, is granted; and,

IT IS ORDERED that judgment be and is hereby entered against Plaintiff and in favor of the State Defendants.

_____
The Honorable Sue L. Robinson, Judge
United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2005, I electronically filed *State Defendants' Reply In Support of Their Motion for Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on July 5, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant: Jesse H. Nicholson, Jr.; SBI #133626; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

/s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us