IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE H. NICHOLSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-954-SLR |
| ) | |
| THOMAS CARROLL, CARL HAZZARD, ) | |
| BERNARD WILLIAMS, DEPARTMENT ) | |
| OF CORRECTIONS, ANTHONY ) | |
| J. RENDINA, DEPUTY WARDEN DAVID ) | |
| PIERCE, M. SCOTT, EVELYN ) | |
| STEVENSON, JOHN/JANE DOE #1, and ) | |
| JOHN/JANE DOE #2, ) | |
| Defendants. ) | |

### AFFIDAVIT OF EVELYN J. STEVENSON

EVELYN J. STEVENSON, having been duly sworn, deposes and states as follows:

1. I am currently employed by the State of Delaware Department of Corrections as an Inmate Classification Officer II. My responsibilities include the examination and evaluation of individual inmate cases, determining eligibility for certain programs and housing assignments, reviewing institutional behavior, reviewing program participation and chairing the Institutional Based Classification Committee.

2. I have been employed by the Department of Corrections for 20 years. I was a Correctional Officer during the period of 1985 to 1990. I was a Correctional Counselor during the period of 1990 to 2001. I was promoted to Inmate Classification Officer II in October 2001.

3. My review of Inmate Jesse Nicholson's file and other records show that on April 28, 2004, he was administratively transferred to Isolation based on a confrontation that he had with Hearing Officer Staff Lieutenant Bernard Williams. On April 29, 2004, Inmate Nicholson was reviewed by the Multi Disciplinary team consisting of Senior Correctional Counselor Marilyn Carson-Scott and Staff Lieutenant David Pierce (Deputy Warden). The three pages of documents previously attached to the record titled "Delaware Department of Correction Reclassification Forms 955, 957 and 908," pertain to Inmate Jesse Nicholson. I can attest that Counselor Scott writing appears on all three forms with her signature and date on form 957. These documents are accurate photocopies of the original, which are regular business records of the Department of Correction which regularly creates and maintains such records.

4. The IBCC members on May 6, 2004 that reviewed Inmate Jesse Nicholson's classification were myself, Lieutenant John Endres and Correctional Counselor Stacey Hollis. Form 908, the decision page shows that the IBCC approved the MDT's recommendation for Maximum security, SHU placement based on the April 28, 2004 confrontation that Inmate Nicholson had with Hearing Officer Staff Lieutenant Bernie Williams.

5. Records show that on May 17, 2005, Inmate Nicholson was transferred to MAX/SHU. He was assigned a Quality of Life Level and instructed on what he was expected to do in terms of programming and behavior. His

signature appears on the document.

6. The documents attached to this affidavit are true, accurate and complete photocopies of the original DCC classification records pertaining to Inmate Nicholson.

_____
Evelyn J. Stevenson

ACKNOWLEDGED, SWORN TO AND SUBSCRIBED before me on this 13 day of July, 2005.

_____
Notary Public